JUSTICE LEAPHART
delivered the Opinion of the Court.
Craig William Frazier (Frazier), pro se, appeals from the order and memorandum of the Second Judicial District Court, Silver Bow County, determining that the supervision fee in § 46-23-1031(l)(a), MCA, is constitutional. We affirm.
The following issue-is raised on appeal:
Did the District Court err in determining that § 46-23-1031(l)(a), MCA, does not violate the prohibition against ex post facto laws as applied to parolees and probationers sentenced prior to July 1,1993?
*84 Frazier alleges that HB 673, passed by the 1993 Montana Legislature and codified at § 46-23-1031, MCA, which requires probationers and parolees to pay a $10 per month supervision fee violates the prohibition against ex post facto laws contained in Article I, § 10 of the United States Constitution and Article II, § 31 of the Montana Constitution. Section 46-23-1031, MCA, provides in relevant part:
(1) (a) Except as provided in subsection (l)(b), a probationer or parolee shall pay a supervisory fee of $120 a year, prorated at $10 a month for the number of months under supervision. The fee must be collected by the clerk of the district court with jurisdiction during the probationer’s or parolee’s period of supervision under this part.
(b) The court or thé board may reduce or waive the fee or suspend the monthly payment of the fee if it determines that the payment would cause the probationer or parolee a significant financial hardship.
The ex post facto clause, Article II, § 31 of the Montana Constitution, provides that “[n]o ex post facto law nor any law impairing the obligation of contracts, or making any irrevocable grant of special privileges, franchises, or immunities, shall be passed by the legislature.”
In reviewing a district court’s conclusions of law we determine whether the district court’s interpretation of the law is correct. Stratemeyer v. Lincoln County (1996), [276 Mont. 67], 915 P.2d 175, 177 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04). Here, the District Court concluded that:
Since the costs and fees assessed pursuant to § 46-23-1031, Mont. Code Ann., are for the costs of providing supervision and programs by the department and are not imposed as a penalty or punishment for the crime for which the offender was convicted, application of the monthly supervision fees to all offenders on active supervision on or after the effective date of the legislation does not constitute an ex post facto application of the statute.
Frazier asserts that he was sentenced prior to the enactment of § 46-23-1031, MCA, and that the statute cannot be retroactively applied to him and other probationers and parolees similarly situated. We disagree.
“[F]or a criminal or penal law to be ex post facto ... it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.” Bae *85 v. Shalala (7th Cir. 1995), 44 F.3d 489, 492 (quoting Weaver v. Graham (1981), 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17). This Court has held that:
It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.
State v. Leistiko (1992), 256 Mont. 32, 36, 844 P.2d 97, 99-100 (quoting Beazell v. Ohio (1925), 269 U.S. 167, 169-70, 46 S.Ct. 68, 68-69, 70 L.Ed. 216).
Frazier relies on this Court’s opinion in Leistiko to support his argument that the supervision fee violates the prohibition against ex post facto laws. In Leistiko, we stated that in determining whether legislation violates the ex post facto clause a two-part test must be used. First, the law must be retrospective and, second, the law must disadvantage the affected offender. Leistiko, 844 P.2d at 100 (citing Miller v. Florida (1987), 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351). A law is retrospective if it changes the legal consequences of actions committed prior to the law’s effective date. Leistiko, 844 P.2d at 100. As to the second factor, in Leistiko, we determined that “the additional restitution ordered ... constitutes an unconstitutional increase in punishment which Leistiko could not have foreseen at the time he committed the crime ....” Leistiko, 844 P.2d at 100.
Leistiko is distinguishable from the instant case. In Leistiko, we determined that the district court erred in increasing Leistiko’s restitution obligation. Under the statute in effect at the time of Leistiko’s initial sentencing the district court did not have the discretion to add additional terms and conditions to the suspended sentence. A later amendment to the statute gave the district court this discretion. However, we determined that application of the later statute to Leistiko and imposition of an additional $10,000 in restitution violated the ex post facto prohibition and constituted an unconstitutional increase in punishment. Leistiko, 844 P.2d at 100. In the instant case, a civil administrative fee has been assessed against Frazier to help defray the costs of supervision. A civil sanction will implicate ex post facto concerns only if it can be fairly characterized as punishment. Bae, 44 F.3d at 492 (citing United States v. *86 Halper (1989), 490 U.S. 435, 447-48, 109 S.Ct. 1892, 1901-02, 104 L.Ed.2d 487).
Relying on the legislative history, the Department of Corrections asserts that the purpose of the supervision fee is to help defray the costs of probation and parole by charging those people benefitting from the system. The sponsor of the legislation stated that he was not attempting to introduce punitive legislation, rather, he was attempting to implement better community based programs for probationers and parolees.
The District Court determined that the “intent of [the supervisory fee] is not to punish but to make the offender more responsible for his rehabilitation in the form of paying for supervision services rendered.” In addition, the District Court aptly noted that “the purpose of Montana’s imposition of probation and parole supervisory fees is to assist in making community corrections an effective alternative to incarceration through holding the offender accountable for his rehabilitation.” We agree. The supervisory fee facilitates community corrections which serve, not as punishment, but as an alternative to imprisonment.
Section 46-23-1031(l)(b), MCA, provides that the court or the board can “reduce or waive the fee or suspend the monthly payment of the fee if it determines that the payment would cause the probationer or parolee a significant financial hardship.” The Department asserts that “[i]f probationers and parolees fail to pay the fee, they have not been and will not be returned to [Montana State Prison].” The Department concludes that “[t]herefore, probationers and parolees should never experience financial hardship, nor parole revocation, solely as a result of a failure to pay the fee.”
Under the supervision fee statute, Frazier is not being punished for his criminal activities, rather, he is helping to pay the costs of his supervision. A civil sanction will be deemed to be punishment in the constitutional sense only if the sanction “may not fairly be characterized as remedial, but only as a deterrent or retribution.” Bae, 44 F.3d at 493 (citing Halper, 490 U.S. at 449, 109 S.Ct. at 1902). The legislative history of the supervision statute does not reveal an intent to punish. Further, we note that even if the supervision statute has a deterrent purpose that purpose does not automatically mark the statute as a form of punishment. Bae, 44 F.3d at 494 (citing Montana Department of Revenue v. Kurth Ranch (1994), 511 U.S. 767, _, 114 S.Ct. 1937, 1946, 128 L.Ed.2d 767). The United States Supreme Court has consistently required “ ‘unmistakable evidence of *87 punitive intent’ to characterize a sanction as punishment.” Bae, 44 F.3d at 494 (citing Selective Serv. Sys. v. Minnesota Pub. Interest Research Group (1984), 468 U.S. 841, 855 n.15, 104 S.Ct. 3348, 3357 n.15, 82 L.Ed.2d 632; Flemming v. Nestor (1960), 363 U.S. 603, 619, 80 S.Ct. 1367, 1377, 4 L.Ed.2d 1435). In the instant case, there is no such “unmistakable evidence of punitive intent.”
The legislative intent of the supervision statute does not evidence an intent to punish, rather, the intent of the fee is to help defray the costs of supervision and to hold probationers and parolees accountable. These factors support our determination that the supervision fee is administrative as opposed to punitive in nature and cannot be fairly characterized as punishment. We hold, therefore, that the District Court was correct in concluding that the supervision fee set forth in § 46-23-1031, MCA, does not violate the prohibition against ex post facto laws.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES NELSON, GRAY and ERDMANN concur.