1997 ND 108

Kaylin GLASPIE a/k/a Kaylin Whetham, and John Marsland on behalf of themselves and others similarly situated, Plaintiffs and Appellants,

v.

Elaine LITTLE, Director of Corrections and Rehabilitation, Edward Schafer, Governor of the State of North Dakota, jointly and severally in their official capacities, Defendants and Appellees.

Civil No. 960305.

Supreme Court of North Dakota.

June 3, 1997.

Kelly A. Dillon, and Tom P. Slorby (no appearance), Minot, for plaintiffs and appellants.

William G. Peterson, Assistant Attorney General, Attorney General's Office, Bismarck, for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Kaylin Glaspie and John Marsland appealed from a judgment dismissing their claims against Elaine Little and Edward Schafer, in their official capacities. We affirm.

[¶ 2] Glaspie and Marsland were serving sentences of probation on April 12, 1993, when the Legislative Assembly enacted 1993 N.D.Sess.Laws Ch. 131, with an emergency clause making it effective immediately. Chapter 131 amended Section 12.1–32–07(2), N.D.C.C., to require that, when imposing probation upon conviction of a crime, "[t]he court shall order supervision costs and fees of not less than thirty dollars per month unless the court makes a specific finding on record that the imposition of fees will result in an undue hardship." Chapter 131 also created Section 54–23.3–04(16), N.D.C.C., which authorized the Director of the Department of Corrections and Rehabilitation:

> "To collect costs and fees from persons on correctional supervision for the supervision services, control devices, and programs as implemented by the department to assist in making community corrections an effective alternative to incarceration. A person on active supervision is presumed able to pay assessed fees unless the director, giving due consideration to the fiscal obligations and resources of the probationer, determines otherwise. A person with the ability to pay assessed fees who refuses to pay must be returned to the court for a judicial determination."

Shortly after this statute took effect, Little, in her capacity as Director of the Department of Corrections and Rehabilitation, ordered Glaspie and Marsland to begin paying $30 per month to defray the cost of supervision services.

[¶ 3] Glaspie and Marsland commenced this class action, on behalf of themselves and others similarly situated, against Little and Governor Edward Schafer. They seek return of fees collected and a declaration that Section 54–23.3–04(16) is unconstitutional, arguing the statute is improperly being applied retroactively, violates due process, and is an unconstitutional delegation of judicial powers. Little and Schafer [hereafter "the State"]

moved for dismissal under Rule 12(b), N.D.R.Civ.P. The district court concluded the complaint failed to state a claim upon which relief could be granted, and judgment was entered dismissing the action. Glaspie and Marsland appealed.

[¶ 4] In determining a motion to dismiss under Rule 12(b)(v), N.D.R.Civ.P., for failure to state a claim, the court's scrutiny of the complaint will be deferential to the pleader. *Rolin Manufacturing, Inc. v. Mosbrucker,* 544 N.W.2d 132 (N.D.1996). In an appeal from a dismissal under Rule 12(b), we construe the complaint in the light most favorable to the plaintiff, taking as true the allegations in the complaint. *Isaac v. State Farm Mutual Automobile Insurance Co.,* 547 N.W.2d 548 (N.D.1996).

[¶ 5] Glaspie and Marsland assert the attempt to collect supervision fees from them is an improper retroactive application of a statute in violation of Section 1–02–10, N.D.C.C., which provides:

> "*Code not retroactive unless so declared.* No part of this code is retroactive unless it is expressly declared to be so."

Under Section 1–02–10, a statute is applied retroactively if it operates on transactions which have already occurred, or on rights or obligations which existed before its enactment. *State v. J.P. Lamb Land Co.,* 401 N.W.2d 713 (N.D.1987).

[¶ 6] Glaspie and Marsland do not assert the State attempted to collect fees for supervision services provided prior to April 12, 1993. They concede the State is only attempting to collect for services provided after that date. However, Glaspie and Marsland assert by requiring payment of supervision fees, Section 54–23.3–04(16), N.D.C.C., has been applied retroactively to impose new conditions of probation upon them. Because their conditions of probation were imposed prior to the effective date of the statute, they assert the subsequent collection of an additional fee as a condition of probation operates retroactively upon that "transaction."

[¶ 7] Glaspie and Marsland's argument is premised upon the assumption the supervision fees collected by the Director under

Section 54–23.3–04(16) constitute a condition of probation. The Attorney General has issued an opinion concluding the fees collected under Section 54–23.3–04(16) constitute a civil fee for the cost of providing rehabilitative and supervision services, and do not constitute a condition of probation. *See* N.D. Att'y Gen'l Op. 93–21. The Attorney General further concluded any failure to pay the fees would result only in civil liability, not criminal liability or revocation of probation.

■ [¶ 8] Although not binding on this Court, Attorney General's opinions interpreting statutes are entitled to respect and we will follow them if they are persuasive. *United Hospital v. D'Annunzio,* 514 N.W.2d 681 (N.D.1994); *State v. Beilke,* 489 N.W.2d 589 (N.D.1992). The Attorney General's opinion is supported by the legislative history of Chapter 131. That history indicates the amendment to Section 12.1–32–07(2), N.D.C.C., requiring courts to impose supervision fees as a condition of probation, would cover cases arising after the legislation took effect. Section 54–23.3–04(16) was enacted to authorize interim collection of fees from current probationers, who would not be governed by the change to Section 12.1–32–07(2). This history supports the conclusion these fees were intended as civil fees, not as a condition of probation.

[¶ 9] The language of the statute also supports this interpretation. Section 54–23.3–04(16) provides the collection of costs and fees by the Director is intended "to assist in making community corrections an effective alternative to incarceration." The legislative history clarifies the intent of the provision was to reduce the burden on the general fund by placing part of the cost of supervisory services upon those receiving those services, and to foster responsibility and accountability of probationers. Thus, the fees are intended to be revenue-generating and civil in nature, rather than punitive. *See State v. Blair,* 474 N.W.2d 630 (Minn.Ct.App. 1991) (extradition costs).

[¶ 10] Other courts have relied upon similar reasoning in holding probation supervision fees are not retroactive nor violative of the ex post facto clause.[1] In *Taylor v. Rhode Island,* 101 F.3d 780 (1st Cir.1996), the court upheld Rhode Island's supervision fee against ex post facto and due process challenges. The court concluded application of the statute to persons on probation prior to its effective date did not violate the ex post facto clause because the fees were clearly civil, rather than punitive, in nature, and were intended to reimburse the state for costs associated with probationary services. Similarly, the Supreme Court of Montana upheld its supervision fee statute in *Frazier v. Montana State Department of Corrections,* 277 Mont. 82, 920 P.2d 93 (1996). Holding application of the statute to persons on probation prior to its effective date was not "retrospective," the court characterized the fee as a "civil administrative fee" which did not constitute punishment. *Frazier,* 920 P.2d at 95. The court reasoned:

"Relying on the legislative history, the Department of Corrections asserts that the purpose of the supervision fee is to help defray the costs of probation and parole by charging those people benefitting from the system. The sponsor of the legislation stated that he was not attempting to introduce punitive legislation, rather, he was attempting to implement better community based programs for probationers and parolees.

"The District Court determined that the 'intent of [the supervisory fee] is not to punish but to make the offender more responsible for his rehabilitation in the form of paying for supervision services rendered.' In addition, the District Court aptly noted that 'the purpose of Montana's imposition of probation and parole supervisory fees is to assist in making community corrections an effective alternative to incarceration through holding the offender accountable for his rehabilitation.' We agree. The supervisory fee facilitates community corrections which serve, not as punishment, but as an alternative to imprisonment."

*Frazier,* 920 P.2d at 95–96. We agree with this reasoning, and likewise conclude Section

---

1. Glaspie and Marsland have made no ex post facto claim.

54-23.3-04(16) creates a civil fee, not a condition of probation.

[¶ 11] Although we recognize the probationer effectively has no choice to be on probation, because fees collected under Section 54-23.3-04(16) are not made a condition of probation, collection of fees for supervision services provided after April 12, 1993, do not apply to transactions occurring prior to its effective date. The transaction here is the providing of services for which a fee is charged, not the original imposition of conditions of probation.

[¶ 12] We addressed a similar situation in *Fairmount Township Board of Supervisors v. Beardmore*, 431 N.W.2d 292 (N.D.1988). After Beardmore and Campbell had submitted an application to construct a landfill facility, the township enacted an ordinance requiring applicants to pay the costs of processing the application. We concluded application of the ordinance to Beardmore and Campbell was not retroactive:

> "The ordinance does not require Beardmore and Campbell to pay costs incurred before the effective date of the ordinance. The ordinance was applied to require them to pay only future costs incurred by the Board in the processing of their application. So applied, the ordinance does not impose a new obligation or duty with respect to past transactions; nor does it attach a new liability for past transactions. Instead, it requires future payment of future costs incurred by the Board. We see nothing retroactive about the application of the ordinance to Beardmore and Campbell."

*Fairmount Township Board*, 431 N.W.2d at 295. Similarly, we concluded in *State v. Haverluk*, 432 N.W.2d 871 (N.D.1988), that a statute applying increased penalties for repeat DUI offenders was not applied retroactively merely because the prior offense occurred before the effective date of the statute, as long as the current offense occurred after that date.

[¶ 13] We conclude the collection of fees for supervision after April 12, 1993, from persons on probation prior to that date does not constitute retroactive application of Section 54-23.3-04(16) in violation of Section 1-02-10.

[¶ 14] Glaspie and Marsland also assert Section 54-23.3-04(16) is an unconstitutional delegation of judicial power and violates the doctrine of separation of powers. They argue Section 12.1-32-07, N.D.C.C., authorizes the trial court to set the conditions of probation, and that authority may not be delegated. *See State v. Nelson*, 417 N.W.2d 814 (N.D.1987); *State v. Saavedra*, 406 N.W.2d 667 (N.D.1987). This argument is premised upon Glaspie and Marsland's mistaken assumption the collection of fees by the Director under Section 54-23.3-04(16) is a condition of probation. As we have concluded, however, the Director's authority to collect fees under Section 54-23.3-04(16) does not create new conditions of probation, but constitutes a civil fee for services. Accordingly, there has been no unconstitutional delegation of judicial power.

[¶ 15] Glaspie and Marsland assert Section 54-23.3-04(16) violates their due process rights to notice and a hearing because a person on probation "is presumed able to pay" the assessed fee. Glaspie and Marsland have not alleged in their complaint any facts regarding the application of the statute to them. We inquire into the constitutionality of a statute only to the extent required by the case before us. *State v. King*, 355 N.W.2d 807 (N.D.1984). We will not anticipate questions of constitutional law, and will not formulate a rule of constitutional law broader than is required by the precise facts presented. *State v. King*. We thus treat this as a facial constitutional challenge to the statute.

[¶ 16] The statute, on its face, envisions a process for consideration of a probationer's ability to pay the assessed fee and an opportunity for a judicial determination:

> "A person on active supervision is presumed able to pay assessed fees unless the director, giving due consideration to the fiscal obligations and resources of the probationer, determines otherwise. A person with the ability to pay assessed fees who refuses to pay must be returned to the court for a judicial determination."

We conclude Section 54–23.3–04(16) is not constitutionally invalid on its face.

[¶ 17] The judgment dismissing Glaspie and Marsland's complaint is affirmed.

[¶ 18] SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.

