(113 P.3d 270)
No. 93,109

JOSEPH E. JACKLOVICH, SR., *Appellant*, v. RAY ROBERTS, *et al.*, *Appellees*.

Opinion filed April 1, 2005.

*Joseph E. Jacklovich, Sr.*, appellant pro se.

*Julie St. Peter*, of the Kansas Department of Corrections, for appellee.

Before GREENE, P.J., GREEN and CAPLINGER, JJ.

GREENE, J.: Joseph E. Jacklovich, Sr., appeals the district court's summary denial of his K.S.A. 2004 Supp. 60-1501 petition wherein he claimed that K.A.R. 44-5-115(b) violates the constitutional pro

hibition on ex post facto laws. We reject his claim and affirm the district court.

Jacklovich is serving a term of postrelease supervision in Sedgwick County for crimes committed in 1993. Subsequent to his convictions, the Kansas Legislature enacted K.S.A. 75-52,139 authorizing the Secretary of Corrections to adopt regulations for the assessment of fees to offenders for various services provided. Pursuant to this authorization, the Secretary promulgated K.A.R. 44-5-115(b) assessing a supervision service fee of $25 per month on offenders under the Department of Corrections' parole supervision, effective January 3, 1995. Because the regulation became effective after Jacklovich's convictions, he filed his K.S.A. 2004 Supp. 60-1501 petition arguing that the regulation violates the constitutional prohibition on ex post facto laws. In a ruling from the bench, the district court summarily denied his petition, finding that the supervision fees neither enhanced the penalty imposed nor made an act previously committed a crime after the fact.

To the extent that the district court has rejected a constitutional challenge to a statute or regulation, we have unlimited review of the constitutional claim. See *State v. Watson*, 273 Kan. 426, 428, 44 P.3d 357 (2002); *State v. Ponce*, 258 Kan. 708, 709, 907 P.2d 876 (1995).

The Ex Post Facto Clause of the United States Constitution, Art. I, § 10, forbids legislative enactments which impose a punishment for an act which was not punishable when it was committed or which impose additional punishments to those then proscribed. A law is ex post facto if two critical elements are present: the law must be retrospective and it must change the definition of criminal conduct or increase the penalty for the criminal conduct. *Anderson v. Bruce*, 274 Kan. 37, 42-43, 50 P.3d 1 (2002).

Our Supreme Court addressed a similar constitutional challenge to a related section of the same regulation in *Roark v. Graves*, 262 Kan. 194, 195-98, 936 P.2d 245 (1997), where the court held that a $1 monthly fee imposed to administer an inmate trust account pursuant to K.A.R. 44-5-115(a) (1996 Supp.) did not violate the Ex Post Facto Clause. In its analysis, the court cited Senate Judiciary Committee testimony by then Secretary of Corrections Charles

Simmons given in support of the bill which ultimately resulted in the enactment of K.S.A. 75-52,139. Simmons' testimony described how an offender's contribution to the costs of his or her incarceration and supervision held the person accountable for his or her actions, and the court found the regulation was reasonably related to that goal. *Roark* reasoned the fee was for services rendered, was not excessive, and was reasonably related to penological goals; therefore, it was not an additional punishment. 262 Kan. at 196-98.

Although not cited by the parties, two Kansas federal district court decisions have rejected claims identical to Jacklovich's ex post facto claim. In *Taylor v. Sebelius*, 350 F. Supp. 2d 888 (D. Kan. 2004), a state prison inmate brought suit alleging, *inter alia*, collection of the $25 monthly supervision fee from parolees under K.A.R. 44-5-115(b) violated his rights under the Ex Post Facto Clause. In granting summary judgment against the inmate, the federal district court reasoned as follows:

"The Kansas Supreme Court has held that K.A.R. § 44-5-115(a), which imposes a $1.00 monthly fee to administer an inmate trust account, does not violate the *ex post facto* clause. See *Roark v. Graves*, 262 Kan. 194, 196-98, 936 P.2d 245, 247-48 (1997). Specifically, *Roark* held that '[t]he fee is charged for services rendered, has not been shown to be excessive, is reasonably related to legitimate penological goals, and is not an additional punishment.' [262 Kan.] at 198, 936 P.2d at 248. *Roark* relied in part on the testimony of Charles Simmons, former Secretary of KDOC, who testified before the Senate Judiciary Committee in support of the bill which authorized the collection of fees for services from offenders in KDOC custody. Simmons testified in part as follows:

'Assessing fees to offenders is based on a belief that offenders should be accountable for their actions, and contributing to the costs of incarceration or supervision are important components of establishing that accountability.'

[262 Kan.] at 196, 936 P.2d at 247-48. *Roark* concluded that K.A.R. § 44-5-115(a) is reasonably related to the goals outlined by Simmons and that the procedure reasonably prepares inmates for reentry into the social and economic system of the community upon leaving the correctional institution. See [262 Kan.] at 196, 936 P.2d at 248.

"Like the monthly maintenance fee in *Roark*, the $25.00 monthly supervision fee for parolees does not violate the *ex post facto* clause. Both fees are based on the same authorizing statute, K.S.A. § 75-52, 139, and are part of the same regulation, K.A.R. § 44-5-115(a)-(b). Based on *Roark* and other cases which have

addressed parole supervision fees, the monthly supervision fee cannot be described as punitive in nature. See *Glaspie v. Little*, 564 N.W.2d 651, 654 (N.D. 1997) ($30.00 monthly fee to defray cost of supervision is civil fee for services); *Taylor v. State of R.I.*, 101 F.3d 780, 783-84 (1st Cir. 1996) ($15.00 monthly supervision fee was civil, not criminal, in nature); *Frazier v. Mont. State Dep't of Corrs.*, 277 Mont. 82, 920 P.2d 93, 95-96 (1996) ($10.00 monthly supervision fee was 'civil administrative fee,' not punishment); *Pennsylvania v. Nicely*, 536 Pa. 144, 638 A.2d 213, 216 (1994) ($25.00 monthly supervisory fee is administrative in nature and not intended to be punitive). The Kansas legislature did not intend that the fee be punitive and the fee is not so extreme as to constitute punishment. See *Taylor*, 101 F.3d at 783. The supervision fee is modest and the regulation specifically exempts indigent offenders. Finally, collection of the supervision fee is reasonably related to legitimate penological interests, *i.e.* holding offenders accountable for their actions, see *Roark*, 262 Kan. at 197, 936 P.2d at 247-48, and the fee bears a rational relation to the goal of compensating the State of Kansas for its costs. See *Taylor*, 101 F.3d at 784. Because the monthly supervision fee is not punitive in nature, the Court sustains defendants' motion for summary judgment on plaintiff's *ex post facto* claim." *Taylor*, 350 F. Supp. 2d at 896.

In *Ingram v. Sebelius*, 2005 WL 327149 (D. Kan. 2005) (unpublished opinion filed February 10, 2005), a prison inmate made an identical claim, and the *Ingram* court applied the same rationale and reached the same conclusion.

For support of his position on appeal, Jacklovich points to *Taylor v. State of R.I. Dept. of Corrections*, 908 F. Supp. 92 (D. R.I. 1995) (cited, limited, and distinguished in *Roark*, 262 Kan. at 197-98), where the court concluded the imposition of a $15 post-release fee was an ex post facto violation. However, Jacklovich's reliance on *Taylor* is misplaced; the opinion cited was reversed on appeal in *Taylor v. State of Rhode Island*, 101 F.3d 780, 784-85 (1st Cir. 1996), *cert. denied* 521 U.S. 1104 (1997). On appeal, the First Circuit Court of Appeals looked to the subjective and objective tests found in *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989), in holding the $15 fee was not punitive. The court found the fee was a civil one and its purpose was to offset costs incurred by the State in servicing the supervision of parolees and probationers. Moreover, the court found the legislature's intent in defraying the department of corrections' costs was remedial because the fees were placed in an account to defray costs; thus, its effect was neither retributive nor deterrent in na-

ture. *Taylor*, 101 F.3d at 783-85; see *Halper*, 490 U.S. at 448 (monetary assessments that are not remedial but instead serve retributive or deterrent purposes are punishment). Obviously, this Rhode Island case was resolved on appeal in a manner entirely consistent with the Kansas federal district court cases discussed above, and it provides no support for Jacklovich's claims.

We adopt the rationale of our Kansas federal district court in *Taylor* and *Ingram* based significantly upon the reasoning in *Roark*, 262 Kan. at 196-98, and conclude that K.A.R. 44-5-115(b) does not violate the constitutional prohibition on ex post facto laws; thus, we affirm the district court's summary denial of the 60-1501 petition.

Affirmed.