2006 ND 121

**UNIVERSITY HOTEL DEVELOPMENT, LLC, Plaintiff and Appellant**

v.

**DUSTERHOFT OIL, INC., Loren R. Dusterhoft, Jointly and Severally, Defendants and Appellees.**

**No. 20050386.**

Supreme Court of North Dakota.

June 1, 2006.

Alexander F. Reichert, Reichert Law Office, Grand Forks, N.D., for plaintiff and appellant; submitted on brief.

Thomas L. Zimney and Bradley A. Meyer, Zimney Foster P.C., Grand Forks, N.D., for defendants and appellees; submitted on brief.

SANDSTROM, Justice.

[¶ 1] University Hotel Development ("UHD") appeals from a summary judgment dismissing its promissory estoppel claim against Dusterhoft Oil, Inc., and Loren Dusterhoft ("Dusterhoft"). We conclude UHD failed to raise a genuine issue of material fact on a required element of its promissory estoppel claim, and we affirm the summary judgment.

I

[¶ 2] UHD is a limited liability company, which owns and operates the Hilton Garden Inn in Grand Forks. Dusterhoft owns an Amoco gas station located across the street from the Hilton Garden Inn.

[¶ 3] In 2001, UHD began planning the construction of the Hilton Garden Inn, after entering into a ground lease with the State of North Dakota to construct the hotel on the western edge of the University of North Dakota campus. The Amoco station's sewer line connected to a force main sewer line on property owned by the University of North Dakota, and under the building site for UHD's Hilton Garden Inn. Dusterhoft had a ten-year easement from the university for the sewer line, which ended November 6, 2001. The university and the City of Grand Forks required UHD to move the sewer lines before it could acquire a building permit. In 2001, UHD's managing partner and Dusterhoft discussed the sewer line relocation, but the parties did not reach an agreement on who would pay the sewer line relocation expenses.

[¶ 4] In April 2002, construction on the hotel began and the sewer lines were moved. During the construction of the hotel, Dusterhoft enjoyed uninterrupted use of the sewer line. UHD paid all costs and expenses incurred in relocating Dusterhoft's portion of the sewer line. After construction was complete, an engineering

firm UHD hired calculated Dusterhoft owed UHD $43,441.28 for the benefit Dusterhoft received from the relocation of his portion of the sewer line.

[¶ 5] In March 2003, the university began negotiations with Dusterhoft for a new easement. These negotiations included discussion of how much Dusterhoft should pay for the benefits he received from relocating his portion of the sewer line. The university requested Dusterhoft pay $43,441.28 for the benefit he received from the sewer line relocation, and upon receipt of this amount the university would pay the amount over to UHD as reimbursement for the expenses UHD incurred in relocating the sewer line. Dusterhoft rejected the university's offer, and offered to pay $4,500 after getting an independent estimate for the cost of connecting to the sewer line. The university rejected Dusterhoft's counteroffer. The university and Dusterhoft failed to reach an agreement, and Dusterhoft was not granted a new easement.

[¶ 6] UHD sued Dusterhoft for $50,000 for the costs and expenses UHD incurred in relocating Dusterhoft's portion of the sewer line, alleging claims for breach of contract, promissory estoppel, and equitable estoppel. UHD claimed the university, Dusterhoft, and UHD agreed the university would require, as a condition of Dusterhoft's new easement, that Dusterhoft pay for the benefit he received from the relocation of his portion of the sewer line. The district court granted Dusterhoft's motion for summary judgment and dismissed all of UHD's claims.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 28–27–01.

II

[¶ 8] "Summary judgment is a procedural device for promptly and expeditiously disposing of an action without a trial if either party is entitled to a judgment as a matter of law and if no dispute exists as to either the material facts or the reasonable inferences to be drawn from undisputed facts, or resolving the factual disputes will not alter the result." *Anderson v. Meyer Broadcasting Co.*, 2001 ND 125, ¶ 14, 630 N.W.2d 46. The evidence presented on a motion for summary judgment is viewed " 'in a light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the evidence.' " *Dalan v. Paracelsus Healthcare Corp.*, 2002 ND 46, ¶ 7, 640 N.W.2d 726 (quoting *Ellingson v. Knudson*, 498 N.W.2d 814, 817 (N.D. 1993)).

[¶ 9] "Whether the district court properly granted summary judgment is a question of law subject to de novo review." *Rogstad v. Dakota Gasification Co.*, 2001 ND 54, ¶ 10, 623 N.W.2d 382.

> On appeal this Court decides if the information available to the trial court precluded the existence of a genuine issue of material fact and entitled the moving party to summary judgment as a matter of law. Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of a claim on which they will bear the burden of proof at trial.

*Hopfauf v. Hieb*, 2006 ND 72, ¶ 6, 712 N.W.2d 333 (quoting *Heart River Partners v. Goetzfried*, 2005 ND 149, ¶ 8, 703 N.W.2d 330).

III

[¶ 10] UHD argues the district court improperly granted Dusterhoft's motion

for summary judgment on the promissory estoppel claim because there were genuine issues of material fact.

[¶ 11] Before the doctrine of promissory estoppel can be invoked, four elements must be established: "1) a promise which the promisor should reasonably expect will cause the promisee to change his position; 2) a substantial change of the promisee's position through action, or forbearance; 3) justifiable reliance on the promise; and 4) injustice which can only be avoided by enforcing the promise." *Russell v. Bank of Kirkwood Plaza*, 386 N.W.2d 892, 896 (N.D.1986). The promise must "be clear, definite, and unambiguous as to essential terms before the doctrine of promissory estoppel may be invoked to enforce an agreement or to award damages for the breach thereof." *Lohse v. Atlantic Richfield Co.*, 389 N.W.2d 352, 357 (N.D.1986). In the context of a promissory estoppel claim, this Court's decision in *Lohse* specifically recognized "a reluctance to enforce incomplete agreements based upon preliminary negotiations and discussions or upon an agreement to negotiate the remaining terms of a contract in the future." *Id.* at 357.

[¶ 12] The district court granted summary judgment on UHD's promissory estoppel claim because UHD failed to establish a factual dispute on the existence of a promise. The court concluded UHD failed to present any evidence demonstrating Dusterhoft had agreed to pay UHD for the benefit it received from the relocation of the sewer line. The court also concluded UHD's promissory estoppel claim failed because it was based on an alleged promise between Dusterhoft and the university, to which UHD was only a third party beneficiary, and North Dakota law does not recognize the ability of a third party to enforce a promise.

A

[¶ 13] UHD argues it submitted sufficient evidence to raise a factual dispute on the existence of a promise by Dusterhoft to pay UHD for the benefit he received from the relocation of the sewer line. UHD claims there were numerous communications between Dusterhoft and UHD's representatives, and it cites letters from its former attorney and from the university's representatives to Dusterhoft as evidence.

[¶ 14] A promissory estoppel claim requires a promise with definite, clear, and unambiguous terms. *Lohse*, 389 N.W.2d at 357. Unsupported conclusory allegations are insufficient to withstand summary judgment. *Dalan*, 2002 ND 46, ¶ 7, 640 N.W.2d 726. The party resisting a summary judgment motion must present sufficient evidence that would allow a reasonable jury to find for that party. *Beckler v. Bismarck Pub. Sch. Dist.*, 2006 ND 58, ¶ 7, 711 N.W.2d 172.

[¶ 15] UHD failed to establish the existence of a factual dispute about whether there was a definite, clear, and unambiguous promise by Dusterhoft to pay UHD for the benefit he received from the relocation of the sewer line. The claimed promise was not reduced to writing, and there is no written documentation of a definite, clear, and unambiguous promise. The evidence UHD presented to the district court establishes only preliminary negotiations between the university and Dusterhoft on the new easement. *See Lohse*, 389 N.W.2d at 357. UHD cites a May 22, 2002, letter from Daniel L. Gaustad, UHD's former counsel, to the university's general counsel confirming Gaustad's understanding of the agreement between the university and Dusterhoft. The letter states, "I have asked Tom Arnot to provide me the amount of such costs and expenses and will forward the same to you for incorporation

in the agreement between UND and the Amoco Station." Gaustad's letter fails to provide any evidence of a promise between UHD and Dusterhoft; rather, the letter shows UHD was aware that any agreement by Dusterhoft to pay for the benefit he received from the relocation of the sewer line would be between the university and Dusterhoft. UHD also claims letters from the university to Dusterhoft contain evidence of the promise between UHD and Dusterhoft. These letters, however, contain evidence only of negotiations between the university and Dusterhoft, and are insufficient to raise a factual dispute about the existence of a promise between UHD and Dusterhoft.

[¶ 16] We conclude UHD failed to provide the district court with evidence raising a factual dispute about whether Dusterhoft made a definite, clear, and unambiguous promise to UHD to pay for the benefit he received from the relocation of the sewer line, and UHD's conclusory allegations are insufficient to withstand summary judgment.

B

[¶ 17] UHD argues that even if Dusterhoft did not directly promise UHD, there is evidence of a promise by Dusterhoft to pay the university for the benefit he received from the sewer line relocation, and upon receipt the university would pay this amount to UHD. UHD argues it can enforce this promise as a third-party beneficiary. UHD urges this Court to adopt the Restatement (Second) of Contracts § 90(1) (1981), and make a third party's reliance on a promise between two other parties an available cause of action in North Dakota.

[¶ 18] This Court has not addressed the issue of whether a third party may enforce a promise under the promissory estoppel doctrine, and we conclude it is unnecessary to do so in this case because there is no evidence of a specific promise between Dusterhoft and the university regarding the payment of expenses for relocation of the sewer line. The amount Dusterhoft would have promised to pay for the relocation of the sewer line is an essential term of the agreement which must be clear and unambiguous before the doctrine of promissory estoppel can be invoked. See Lohse, 389 N.W.2d at 357.

[¶ 19] The university and Dusterhoft began negotiating the terms of a new easement, which included negotiating for payment for relocation of the sewer line, but UHD failed to provide the district court with evidence that Dusterhoft definitely, clearly, and unambiguously promised to pay a portion of the relocation expenses for the benefit he received. The letters UHD cites as evidence of a promise show preliminary negotiations between the university and Dusterhoft on the terms of the new easement. That evidence shows the university conditioned Dusterhoft's new easement on payment of the cost of the sewer line relocation as calculated by the engineering firm UHD hired. Dusterhoft rejected that offer and submitted a counteroffer after getting an independent estimate. The university rejected Dusterhoft's counteroffer.

[¶ 20] We conclude the evidence UHD presented establishes the university and Dusterhoft began negotiations for a new easement, but fails to raise a genuine issue of material fact about the existence of a promise by Dusterhoft, which is an essential element of UHD's promissory estoppel claim. We therefore conclude summary judgment was appropriate on UHD's promissory estoppel claim.

IV

[¶ 21] Dusterhoft claims UHD's appeal is frivolous and completely devoid of merit

and asks this Court to award him attorney's fees for the appeal.

[¶ 22] Under N.D.R.App.P. 38, "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Healy v. Healy,* 397 N.W.2d 71, 76 (N.D. 1986).

[¶ 23] We conclude UHD's appeal is not frivolous or taken in bad faith, and we deny Dusterhoft's request for attorney's fees.

## V

[¶ 24] We affirm the summary judgment.

[¶ 25] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.