2007 ND 206

**MANITOBA PUBLIC INSURANCE CORPORATION, Plaintiff and Appellant**

v.

**DAKOTA FIRE INSURANCE COMPANY, Defendant and Appellee.**

No. 20070061.

Supreme Court of North Dakota.

Dec. 20, 2007.

Michael T. Rengel, Pemberton, Sorlie, Rufer and Kershner, P.L.L.P., Fergus Falls, MN, for plaintiff and appellant.

Robert B. Stock (argued) and Carlton J. Hunke (appeared), Vogel Law Firm, Fargo, ND, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Manitoba Public Insurance Corporation appeals from summary judgment in favor of Dakota Fire Insurance Company in Manitoba Public's attempt to seek a court order directing Dakota Fire to enter into binding intercompany arbitration under N.D.C.C. § 26.1–41–17. Because Manitoba Public is seeking only a procedural remedy, which has been repealed, we affirm.

I

[¶ 2] On August 6, 2000, a motor vehicle driven by Heather Unrau was struck by a motor vehicle driven by Kasha Christianson on County Road 1 in Pembina County. At the time of the accident, Unrau had basic no-fault insurance coverage from Manitoba Public, and Christianson had liability coverage from Dakota Fire. Following the accident, Manitoba Public paid no-fault benefits to Unrau. The payments continued until August 2006. Mani-

toba Public then sought reimbursement for the payments from Dakota Fire under N.D.C.C. § 26.1–41–17, which provided:

> Equitable allocation of losses among insurers. A basic no-fault insurer may recover no-fault benefits paid to or for the benefit of an injured person from the motor vehicle liability insurer of a secured person if:
>
> 1. The injured person has sustained a serious injury; or
>
> 2. The injury results from an accident involving two or more motor vehicles, at least one of which is a motor vehicle weighing more than six thousand five hundred pounds [2948.35 kilograms] unloaded.
>
> The right of recovery and the amount thereof must be determined on the basis of tort law without regard to section 26.1–41–08 by agreement between the insurers involved, or, if they fail to agree, by binding intercompany arbitration under procedures approved by the commissioner. The amount of recovery under this section may not exceed the limits of liability of the secured person's motor vehicle liability insurance policy or other security, reduced by the amount of the liability for tort claims against the secured person covered by the policy or other security.

[¶ 3] In April 2005, the North Dakota legislature repealed N.D.C.C. § 26.1–41–17, to be effective August 1, 2005. On August 1, 2006, Manitoba Public sent a fax and e-mail to EMC Insurance Companies [1] demanding binding intercompany arbitration under N.D.C.C. § 26.1–41–17. Dakota Fire didn't respond to the demand for arbitration. Thereafter, on August 3, 2006, Manitoba Public filed a district court

---

1. EMC Insurance Companies is the parent company of Dakota Fire. EMC will hereinafter be referred to as "Dakota Fire."

action seeking binding intercompany arbitration under N.D.C.C. § 26.1–41–17.

[¶ 4] Dakota Fire moved for summary judgment, asserting Manitoba Public failed to file a proper request for binding intercompany arbitration before the repeal of N.D.C.C. § 26.1–41–17. Manitoba Public also moved for summary judgment, claiming it was entitled to binding intercompany arbitration under N.D.C.C. § 26.1–41–17, because it began making payments of no-fault benefits prior to the repeal of N.D.C.C. § 26.1–41–17. The district court granted summary judgment in favor of Dakota Fire. The court found Manitoba Public did not file a claim for binding intercompany arbitration under Rule 19 of the "North Dakota Auto Accident Reparations Act Binding Intercompany Arbitration Rules and Procedures Manual" prior to August 1, 2005. The court concluded Manitoba Public was not entitled to binding intercompany arbitration under N.D.C.C. § 26.1–41–17.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Manitoba Public's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] " 'Summary judgment is a procedural device for promptly and expeditiously disposing of an action without a trial if either party is entitled to a judgment as a matter of law and if no dispute exists as to either the material facts or the reasonable inferences to be drawn from undisputed facts, or resolving the factual disputes will not alter the result.' " *University Hotel Development, LLC v. Dusterhoft Oil, Inc.*, 2006 ND 121, ¶ 8, 715 N.W.2d 153 (quoting *Anderson v. Meyer Broadcasting Co.*, 2001 ND 125, ¶ 14, 630 N.W.2d 46). Summary judgment is appropriate against a party who fails to establish the existence of a factual dispute on an essential element of a claim on which it will bear the burden of proof at trial. *Hopfauf v. Hieb*, 2006 ND 72, ¶ 6, 712 N.W.2d 333. Whether a district court properly grants summary judgment is a question of law, which is reviewed de novo on the entire record. *Johnson v. Nodak Mutual Ins. Co.*, 2005 ND 112, ¶ 9, 699 N.W.2d 45.

## III

[¶ 7] Manitoba Public argues it was entitled to binding intercompany arbitration as a matter of law under N.D.C.C. § 26.1–41–17 because it began making no-fault payments to its insured prior to August 1, 2005. To begin an arbitration proceeding under N.D.C.C. § 26.1–41–17, an insurer had to follow the procedure as established by the insurance commissioner. The procedure to begin an arbitration proceeding was contained in Rule 19 of the "North Dakota Auto Accident Reparations Act Binding Intercompany Arbitration Rules and Procedures Manual," which stated:

> *Commencement.* An arbitration proceeding is commenced by the local representative of an insurer filing an arbitration notice (three copies) with the administrator of the Committee. At the same time, three copies of the arbitration notice are to be submitted by the applicant directly to the local representative of the other involved insurer. If there is more than one respondent in a case, the applicant shall so indicate on the original and all copies of the arbitration notice and send three copies thereof to each respondent.

N.D. Admin. Code § 45–05–08(19)(a). In this case, Manitoba Public did not file a proper request under N.D. Admin. Code

§ 45–05–08(19)(a). It just sent an e-mail and fax to Dakota Fire demanding arbitration.

■ [¶ 8] Section 26.1–41–17, N.D.C.C., was repealed on August 1, 2005, and N.D. Admin. Code § 45–05–08 was repealed on January 1, 2006. Section 26.1–41–17, N.D.C.C., did not create a vested right to binding intercompany arbitration upon payment of no-fault benefits. A vested right is an immediate or fixed right to present or future enjoyment that does not depend upon an uncertain event. *Sjostrand v. North Dakota Workers Compensation Bureau*, 2002 ND 125, ¶ 14, 649 N.W.2d 537. There is no vested right to a specific remedy. *Kessler v. Thompson*, 75 N.W.2d 172, 178 (N.D.1956). *See also Estate of Kjorvestad*, 375 N.W.2d 160, 170 (N.D.1985) ("It is axiomatic that procedural modes, as distinguished from substantive rights, are not vested and are subject to repeal, modification or change."); *In re T.F.*, 2004 ND 126, ¶ 39, 681 N.W.2d 786 (when new rules affect only a *remedy* and not a vested right, they may be applied to pending litigation (Sandstrom, J., concurring specially)). *See Gibson v. Miami Valley Milk Producers, Inc.*, 157 Ind.App. 218, 299 N.E.2d 631, 641 (Ct.App.1973); *see also Perez v. Marshall*, 946 F.Supp. 1521, 1530 (S.D.Cal.1996) (finding that no vested right existed in a statutory scheme that defined the scope of relief and that applying a law that changes the type of review does not divest a person of a vested constitutional right); *Fowler v. State of Texas*, 991 S.W.2d 258, 261 (Tex.Crim.App. 1999) (finding that although the right to appeal constitutes a vested and substantive right, the procedure for review is not a vested and substantive right); *United States v. Daychild*, 357 F.3d 1082, 1106 (9th Cir.2004) (finding that reliance on a former standard of review when making the decision whether to appeal is not substantive enough to warrant protection under the Due Process Clause).

■ [¶ 9] The dissent argues we are retroactively applying the repeal of N.D.C.C. § 26.1–41–17. Dissent at ¶ 15. We are merely applying the law that existed at the time Manitoba Public filed its suit to compel the remedy of binding intercompany arbitration. "The repeal of remedial statutes is interpreted under the common-law principles of construction, for in those jurisdictions in the United States where general saving statutes do exist, they contemplate only substantive rights and do not operate to save the remedies granted by a statute when that statute is repealed." 1A Norman J. Singer, *Sutherland Statutory Construction*, § 23:41 (6th ed.) (collecting cases); *see, e.g., People v. Bradley*, 64 Cal.App.4th 386, 75 Cal. Rptr.2d 244, 250 (1998) ("The repeal of a statute which provides a remedy to a party is fully prospective and applies to pending actions."); *Kjorvestad, supra*, 375 N.W.2d at 170. Manitoba Public sued Dakota Fire on August 3, 2006, over a year after N.D.C.C. § 26.1–41–17 was repealed. Its suit was not even pending at the time of the repeal. Because the remedy of binding intercompany arbitration was unavailable when Manitoba Public's suit was filed, we are unable to enforce that remedy in favor of Manitoba Public.

[¶ 10] Arguably, the first paragraph of former N.D.C.C. § 26.1–41–17 created a substantive right to recover no-fault benefits that became vested upon payment of the benefits. But Manitoba Public is not seeking a recovery as such of its no-fault benefits paid in this action. It is seeking only binding intercompany arbitration, a procedural remedy that has been repealed. Manitoba Public never sought as relief a recovery of its no-fault benefits. Therefore, we need not address whether Manitoba Public had a substantive right to recov-

er its no-fault benefits under N.D.C.C. § 26.1–41–17.

## IV

[¶ 11] We affirm the summary judgment.

[¶ 12] GERALD W. VANDE WALLE, C.J., DONOVAN J. FOUGHTY, D.J., concur.

[¶ 13] The Honorable DONOVAN J. FOUGHTY, District Judge, sitting in place of KAPSNER, J., disqualified.

CROTHERS, Justice, dissenting.

[¶ 14] I respectfully dissent.

[¶ 15] The decisive issue in this case is application of N.D.C.C. § 26.1–41–17. I believe the majority has erred by retroactively applying that provision.

[¶ 16] Section 1–02–10, N.D.C.C., provides, "No part of this code is retroactive unless it is expressly declared to be so." Absent express direction from the Legislature that a statute applies retroactively, the applicable law is that which was in effect when a cause of action arose, regardless of the law's substantive or procedural nature. *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 239 (N.D.1979). Here, the Legislature neither hinted at nor directed retroactive application of N.D.C.C. § 26.1–41–17. Absent that declaration, this Court should not countenance retroactive repeal of the law. Yet that is what the majority effectuates by its ruling.

[¶ 17] The majority concludes our law permits substantive and procedural statutes to be treated differently for purposes of retroactivity. Majority Opinion at ¶ 1. This substantive versus procedural analysis apparently carried the day prior to *Reiling*. 276 N.W.2d at 239 ("During the past eighty years this court has followed the rule that a substantive statute may not

be applied retroactively in the absence of specific legislative intent, but has rendered varied decisions regarding the retroactivity of procedural statutes."). In *Reiling*, however, this Court returned to the plain reading of section 1–02–10, N.D.C.C., that we do not distinguish between substantive and procedural statutes. The Court in *Reiling* also explained that, because retroactivity is not favored under the law, and because the determination of whether a statute is substantive or procedural "must be made by balancing the interests on a case-by-case basis without any clear, workable guidelines," there is no distinction between substantive and procedural statutes regarding retroactivity. *Id.* at 240. *See also State v. Flatt*, 2007 ND 98, ¶ 22, 733 N.W.2d 608 (Sandstrom, J., concurring specially) ("The legislature has told us that if a new enactment is to be retroactive, the legislature *itself* will expressly declare it to be so. If this rule is to be changed, that too is the function of the legislature. This fundamental principle is as old as the constitution and as enduring as our American democracy.").

[¶ 18] I believe the majority errs in retreating to the pre-*Reiling* distinction between procedural and substantive statutes and, apparently, treatment of the former as presumptively retroactive. In response to this dissent, the majority argues at ¶ 9 it is "merely applying the law that existed at the time Manitoba Public filed its suit. . . ." That is precisely the problem. Utilizing the law in effect on filing ignores that people everywhere act based on the law that exists at the time of their acts. Utilizing the law in effect on filing ignores that insurance companies perform underwriting and set premiums based on the law that exists at the time the risk is insured. Allowing a change of law after the act is done, and after a risk is evaluated and undertaken, does a disservice to society at

large because it removes the certainty the law is supposed to provide.

[¶ 19] In addition, the section of Sutherland's Statutory Construction relied upon by the majority at ¶ 9 states that a common-law principle of construction should be applied to the repeal of remedial statutes. The North Dakota Legislature, however, has forbidden such common-law treatment. "In this state there is no common law in any case in which the law is declared by the code." N.D.C.C. § 1–01–06. Sutherland also acknowledges the common-law approach is not followed in every jurisdiction: "As the application of [the common-law] rule frequently results in manifest hardship, the [repealed] provision is sometimes treated as substantive even though in other cases similar provisions may be classified as remedial. This apparent inconsistency is not too surprising when it is considered that no clear line separates substance and procedure." 1A Norman J. Singer, *Sutherland Statutory Construction*, § 23.41 (6th ed.2002).

[¶ 20] I also part ways with the majority because their holding extinguishes, or at least has the potential to extinguish, Manitoba's vested, substantive right to recover. Our law provides that "[n]o provision contained in this code may be so construed as to impair any vested right or valid obligation existing when it takes effect." N.D.C.C. § 1–02–30. I believe legislative action repealing an existing statute can be fairly considered a "provision contained in this code" so that usurpation of a vested right via repeal of a remedy would be unlawful. Any doubt should be settled by this Court's holding that "[s]tatutory amendments may not operate retrospectively to abrogate a vested right or a valid obligation." *Gregory v. North Dakota Workers Comp.*, 1998 ND 94, ¶ 25, 578 N.W.2d 101. The reason is that vested rights create property interests which can

be destroyed only upon compliance with due process requirements. *Baeth v. Hoisveen*, 157 N.W.2d 728, 731 (N.D.1968).

[¶ 21] Section 26.1–41–17, N.D.C.C., provided that a "basic no-fault insurer may recover no-fault benefits paid to or for the benefit of an injured person from the motor vehicle liability insurer of a secured person" under the listed circumstances. This statute created a basic no-fault insurer's *right* to recover certain no-fault benefits it paid to an injured insured. The statute provided that "[t]he right of recovery and the amount thereof must be determined on the basis of tort law...." *Id.* Prior to repeal, the procedure for recovery was binding intercompany arbitration—but the substantive right to recover was controlled by tort law.

[¶ 22] Under North Dakota law, the right to recover "on the basis of tort law" vested when the cause of action arose. *Larson v. Norkot Mfg. Inc.*, 2002 ND 175, ¶ 10, 653 N.W.2d 33 (quoting *Budd v. Nixen*, 6 Cal.3d 195, 98 Cal.Rptr. 849, 491 P.2d 433, 438 (1971)). A cause of action accrues once an injury has occurred and has manifested itself. *Hoffner v. Johnson*, 2003 ND 79, ¶ 11, 660 N.W.2d 909. Here, the injuries giving rise to the insurer's payments stem from an August 6, 2000 motor vehicle accident. Thus, the law in effect on that date should apply, and Manitoba should be recognized as having had a vested right to recover upon payment of benefits that satisfied the requirements of N.D.C.C. § 26.1–41–17, notwithstanding subsequent legislative repeal of the procedure or method for that recovery.

[¶ 23] Finally, the repeal of N.D.C.C. § 26.1–41–17 was not an isolated revision, but was part of a larger undertaking to reform North Dakota's no-fault insurance laws. *Hearing on S.B.2047 Before the House Transportation Comm.*, 59th N.D. Legis. Sess. (Mar. 3, 2005) (testimony of

Rob Hovland, Chairman of Association of North Dakota Insurers). In addition to the repeal of N.D.C.C. § 26.1–41–17, this same bill amended five other statutes. 2005 N.D. Sess. Laws ch. 274 (codified at N.D.C.C. §§ 23–12–14, 26.1–41–01, 26.1–41–09, 26.1–41–11 and 26.1–41–12). Retroactive treatment of N.D.C.C. § 26.1–41–17 begs the question whether the other amendments must likewise be applied retroactively. Such treatment becomes troublesome because the other amendments affect rights that appear more substantive in nature. *See, e.g.,* N.D.C.C. § 26.1–41–01 (altering the definitions of "accidental bodily injury" and "occupying" to be more exclusive). The fact that several statutes were amended or repealed in one bill bespeaks caution when declaring retroactive treatment of one of the affected laws. I do not see that the majority has considered this impact or that it has exercised that caution.

[¶ 24] Ultimately, the impact of prospective treatment under the posture of this case is less than clear. Manitoba commenced this action to compel intercompany arbitration under section 26.1–41–17, N.D.C.C. The district court dismissed the case because it concluded Manitoba's right to arbitrate terminated when section 26.1–41–17 was repealed. I would hold the district court's conclusion to be a misapplication of law for the reasons stated above and would reverse and remand. On remand, I expect there might be questions whether Manitoba timely demanded arbitration, whether Manitoba has a remedy other than arbitration, whether Manitoba's claims are time barred, and perhaps others. However, those questions have not been addressed by the district court, and neither I nor this Court should be guessing whether one of those—or other—issues might be dispositive.

[¶ 25] DANIEL J. CROTHERS and MARY MUEHLEN MARING, JJ., concur.