2007 ND 98

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Lucas FLATT, Defendant and Appellant.**

No. 20060330.

Supreme Court of North Dakota.

June 26, 2007.

Jonathan R. Byers, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for plaintiff and appellee.

Ross W. Brandborg, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Lucas Flatt appeals from a judgment entered after a jury verdict for gross sexual imposition and an order denying his motion to vacate the jury verdict and dismiss the charge. Flatt argues the court should have applied a different version of the law. We affirm, concluding Flatt was properly charged with an offense based on the law in effect when the crime occurred.

I

[¶ 2] On December 27, 2004, Flatt engaged in a sexual act with a woman who was under fifteen years old. Flatt was charged with gross sexual imposition under N.D.C.C. § 12.1–20–03(3) on June 25, 2005. The information charged Flatt with the law effective at the time of the crime, December 27, 2004. The criminal information provided, in pertinent part:

Lucas Nathanial Flatt, did commit the crime of GROSS SEXUAL IMPOSITION, a class A felony, in violation of N.D.C.C. § 12.1–20–03(1)(d), a crime that was committed as follows, to-wit:

COUNT 1 (GROSS SEXUAL IMPOSITION)

That on or about December 27th, 2004, in Griggs County, the defendant, Lucas Nathanial Flatt, did willfully engage in a sexual act with another, or cause another to engage in a sexual act, when the victim was less than 15 years old, to wit: Lucas Nathanial Flatt did willfully engage in a sexual act with Jill Doe, consisting of sexual contact between his penis and Jill Doe's vulva, when Jill Doe was fourteen (14) years old.

[¶ 3] On April 12, 2005, the Governor signed 2005 House Bill 1313, which amended the gross sexual imposition law. This amendment became effective on August 1, 2005. The new version of N.D.C.C. § 12.1–20–03(3) increased the offense gradation from a class A felony to a class AA felony if the actor was more than five years older than the victim at the time of the crime, and decreased the offense gradation from a class A felony to a class C felony if the actor was more than four, but

less than five years older than the victim at the time of the crime.[1] The Legislature also amended N.D.C.C. § 12.1–20–01(3) to provide that if the criminality of the act depends on the victim's age, the actor is guilty of an offense only if the actor is more than four years older than the victim at the time of the crime. The information against Flatt was not amended to reflect the 2005 legislative amendments.

[¶ 4] Flatt was tried to a jury, who returned a guilty verdict on January 13, 2006. 'On March 28, 2007, seventy-four days after the verdict, Flatt's counsel filed a motion to dismiss under N.D.R.Crim.P. 12(b)(3)(B). The motion claimed the 2005 legislative amendments changed the penalty and added an element to the crime, the relation between Flatt's age and the victim's age. Flatt claimed that the amended law should apply retroactively because the aggregate effect of the amendments would ameliorate Flatt's punishment. Flatt argued the State was required to prove, and the jury was required to find, Flatt was more than four years older than the victim in order to convict him of gross sexual imposition. Flatt claimed the information must be dismissed because the jury failed to find his age in relation to the victim's age. Flatt's motion identified his birthdate and the victim's birthdate, indicating he was more than four, but less than five years older than the victim. After a hearing, the district court denied Flatt's motion on June 20, 2006. The court entered its judgment on October 31, 2006, sentencing Flatt to a class C felony. Although Flatt was charged with a class A felony, the State conceded it was appropriate to sentence Flatt to a class C felony in light of the 2005 legislative amendments.

---

1. Section 12.1–20–03(3), N.D.C.C., has since been amended in the 60th Legislative Assembly to increase the minimum penalty to a class A felony. 2007 N.D. Sess. Laws ch. 123, § 2.

## II

[¶ 5] On appeal, Flatt argues the 2005 legislative amendments should have applied to his pending prosecution; the State failed to amend the charging document to reflect an essential element of the crime; the failure of the jury to find an essential element of the crime is reversible error; and the proper remedy is an arrest of judgment or dismissal of the case. The State argues Flatt's motion to arrest judgment was untimely, and the trial court properly sentenced Flatt to a class C felony. We conclude Flatt was properly charged with gross sexual imposition under the law in effect on the date of the offense, elements of an offense cannot be applied retroactively, and Flatt is not entitled to relief under either N.D.R.Crim.P. 12(b)(3)(B) or N.D.R.Crim.P. 34.

## III

[¶ 6] Flatt argues the Court must dismiss his case on appeal because the State failed to prove an essential element of the offense to the jury, his age in relation to the age of the victim. The State argues the age-in-relation-to-the-victim provision contained in the 2005 legislative amendments is a mitigating factor, not an element of the crime. We conclude the age-in-relation-to-the-victim provision is an element of gross sexual imposition after the effective date of the 2005 legislative amendments, but it was not an element on the date the offense was committed.

## A

■ [¶ 7] The Legislature has specifically defined the meaning of "element of the offense" in N.D.C.C. § 12.1–01–03(1). "Element of the offense" means:

a. The forbidden conduct;

b. The attendant circumstances specified in the definition and grading of the offense;

c. The required culpability;

d. Any required result; and

e. The nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue.

*Id.* On the date of the offense, the State had to allege and prove: (1) on or about the date alleged in the information, in the county and state alleged in the information, the defendant willfully engaged in a sexual act with the victim, and (2) the victim was less than fifteen years old. N.D.C.C. § 12.1–20–03(1)(d) (1997); *see also* N.D.J.I. K–7.13 (2003). After the effective date of the 2005 legislative amendments, the Legislature added the age-in-relation-to-the-victim language to N.D.C.C. § 12.1–20–01, the general provisions governing the sex crimes chapter. *See* 2005 N.D. Sess. Laws ch. 115, § 1. The age-in-relation-to-the-victim provision limited what conduct could be considered criminal by providing: "When criminality depends on the victim being a minor, the actor is guilty of an offense only if the actor is at least four years older than the minor." N.D.C.C. § 12.1–20–01(3) (2005). After the 2005 legislative amendments, determining whether the actor is at least four years older than the minor victim is necessary to establish that a criminal act has occurred. The age of the actor in relation to the victim determines the gradation of the offense. As such, the 2005 legislative amendments created a new element to N.D.C.C. § 12.1–20–03(1)(d), which must be proven beyond a reasonable doubt to the jury.[2]

---

2. In 2007, the Legislature substantially amended the sex crimes chapter, including the age-in-relation-to-the-victim provision and the minimum offense gradation. *See generally* 2007 N.D. Sess. Laws chs. 123–126. The

### B

[¶ 8] Since we have concluded the age-in-relation-to-the-victim provision was an essential element added by the 2005 Legislature, we must determine whether the Legislature intended the 2005 amendments to apply in Flatt's case. In essence, the question presented is one of statutory construction and legislative intent. *See State v. Cummings,* 386 N.W.2d 468, 470 (N.D.1986). Statutory interpretation is a question of law, which is fully reviewable on appeal. *State v. Bachmeier,* 2007 ND 42, ¶ 16, 729 N.W.2d 141. We conclude elements of an offense cannot be applied retroactively unless the Legislature expressly declares so. Accordingly, Flatt's claim fails.

[¶ 9] Generally, no statutory provision applies retroactively unless the Legislature expressly provides it should apply to cases before the law's effective date. N.D.C.C. § 1–02–10 ("No part of this code is retroactive unless it is expressly declared to be so."); *see also State v. Iverson,* 2006 ND 193, ¶ 6, 721 N.W.2d 396; *State v. Rodriguez,* 454 N.W.2d 726, 730 n. 3 (N.D.1990); *Cummings,* 386 N.W.2d at 471–72. "A statute is employed retroactively when it is applied to a cause of action that arose prior to the effective date of the statute." *Cummings,* at 471 (citing *Reiling v. Bhattacharyya,* 276 N.W.2d 237, 239 (N.D.1979)). We have said retroactive application is disfavored because it creates new legal responsibilities based on past conduct. *Id.*

[¶ 10] However, we have carved out an exception to the general bar to retroactivity to prevent an unjust result. *See, e.g., id.* (defining an exception to the prohibition on retroactive application for an ameliorating penal amendment to a criminal statute). " '[L]aws which confer benefits are often excepted from the general rule against retroactive application.' " *Smith v. Baumgartner,* 2003 ND 120, ¶ 11, 665 N.W.2d 12 (quoting *Cummings,* 386 N.W.2d at 471); *see also* 2 Sutherland, *Statutory Construction* § 41.2 (6th ed.2001). In *Cummings,* the defendant was charged with driving while under the influence (DUI) and driving under suspension (DUS). 386 N.W.2d at 469. Cummings' criminal conduct occurred on June 15, 1985, after the 1985 legislative amendments to the DUI and DUS statutes, but before the amendments became "effective." *Id.* at 470. While the 1985 legislative amendment did not create additional elements to the DUS offense, it did reduce the penalty from a minimum mandatory punishment of fifteen days to four consecutive days of imprisonment. 1985 N.D. Sess. Laws ch. 429, § 4; *see also Cummings,* at 470. Cummings pleaded guilty after the amended law became effective, and was sentenced under the harsher, pre–1985 law. *Id.* This Court overturned Cummings' sentence, reasoning in pertinent part:

> There is a compelling inference that the 1985 Legislature, by reducing the mandatory minimum penalty for violation of [N.D.C.C.] § 39–06–42 ... determined that the former penalty was too harsh and that the latter and *lighter punishment* was the appropriate penalty for violations of that statute.
>
> That the Legislature had such an intent seems obvious; nothing is gained by imposing a more severe punishment after the Legislature has determined that a *lighter penalty* is appropriate. The excess in punishment can serve no other purpose than to satisfy a desire for vengeance, a legislative motivation we will not presume.

*Cummings,* at 472 (emphasis added).

[¶ 11] The State acknowledged the *Cummings* holding with respect to the ret-

2007 legislative amendments are inapplicable in this case.

roactive application of a lesser penalty imposed by an ameliorating penal amendment. The State conceded Flatt should only be punished as a class C felon. The district court sentenced Flatt to the lesser penalty, a class C felony, based on the *Cummings* exception and the State's concession.

■ [¶ 12] Flatt argues the *Cummings* exception should be used to require the State to retroactively apply an essential element to Flatt's case. Despite Flatt's broad reading of the *Cummings* decision, our holding was quite narrow. *See Cummings*, 386 N.W.2d at 470–72. The *Cummings* exception applies only to a situation where a lesser *penalty* is imposed, not where the Legislature creates an additional element to the offense. *See id.* at 472. We decline to expand our narrow exception to the general rule to include the retroactive application of an additional element of the offense, unless the Legislature expressly declares its intentions to do so. N.D.C.C. § 1–02–10; *see, e.g., State v. Boysaw*, 99 Conn.App. 358, 913 A.2d 1112, 1116 (2007) (holding the court generally applies the law in existence on the date of the offense). Therefore, we hold a defendant is properly charged with a crime when the charging document alleges each and every essential element of the offense in effect on the date the crime occurred.

## IV

[¶ 13] Flatt asserts he is entitled to relief of either arrest of judgment or dismissal of his case. Flatt filed a motion to dismiss under N.D.R.Crim.P. 12(b)(3)(B) because the information did not include an essential element of the offense, the actor's age in relation to the victim. Rule 12(b)(3)(B), in pertinent part, provides:

(3) Motions That Must Be Made Before Trial. The following must be raised before trial:

. . . .

(B) a motion alleging a defect in the indictment, information, or complaint—*but at any time while the case is pending,* the court may hear a claim that the indictment, information or complaint fails to invoke the court's jurisdiction or to state an offense;

. . . .

(Emphasis added). The State argues Flatt's motion was essentially a motion to arrest judgment under N.D.R.Crim.P. 34, which has a shorter time limitation. As such, the State argues Flatt's motion, which was filed seventy-four days after the jury verdict, was untimely. When Flatt was sentenced, N.D.R.Crim.P. 34 [3] provided:

The court on motion of a defendant shall arrest judgment if the indictment, information, or complaint does not charge an offense or if the court was without jurisdiction of the offense charged. *The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty,* or after plea of guilty, or within such further time as the court may fix during the 7–day period.

(Emphasis added). While we recognize there may be a conflict between Rule 12(b)(3)(B) and Rule 34, we need not reach that issue today. *But see State v. Frankfurth*, 2005 ND 167, ¶ 13, 704 N.W.2d 564 (concluding N.D.R.Crim.P. 34 is consistent with N.D.R.Crim.P. 12). Since we concluded the information properly charged each element of gross sexual imposition on the date of the offense, there was no defect

---

**3.** Rule 34, N.D.R.Crim.P., has been amended to extend the time for filing from seven days to ten days.

in the information that would entitle Flatt to his requested relief under either rule. The court did not err in denying Flatt's motion to dismiss.

V

[¶ 14] The information properly alleged an offense based on the law in effect when the offense was committed. We affirm the district court's judgment and its order denying Flatt's motion to dismiss.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 16] I agree with the result reached by the majority. I write separately to call for the repudiation of the unconstitutional invasion of the province of the legislative branch by the judicial branch.

[¶ 17] The codified laws of North Dakota specifically provide, "No part of this code is retroactive unless it is expressly declared to be so." N.D.C.C. § 1–02–10.

[¶ 18] The majority says, at ¶ 10, that this Court has "carved out an exception to the general bar to retroactivity" for "laws which confer benefits," citing to *State v. Cummings,* 386 N.W.2d 468 (N.D.1986), and its progeny.

[¶ 19] There is no legal basis for the courts to "amend" the unambiguous enactment of the legislature, absent constitutional infirmity. Judges have no right to substitute their policy preferences for the legitimate policy preferences of the legislature, clearly expressed and properly enacted. "A court is not empowered to substitute its judgment for that of the legislature on matters of policy, nor to strike down a statute which is not manifestly unconstitutional even though the court may consider it unwise." 1 Norman J. Singer, *Suther-land Statutory Construction,* § 2:1 (6th ed.2002) (collecting cases); *see, e.g., Ferguson v. Skrupa,* 372 U.S. 726, 731–32, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963).

[¶ 20] The Constitution of North Dakota establishes separation of functions. "The legislative, executive, and judicial branches are coequal branches of government." N.D. Const. art. XI, § 26. And "the legislative power of this state shall be vested in a legislative assembly consisting of a senate and a house of representatives," with the people reserving rights including initiative and referendum. N.D. Const. art. III, § 1.

[¶ 21] "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. There is nothing ambiguous about the words, "No part of this code is retroactive unless it is expressly declared to be so." As the statutes of North Dakota make clear, the "code establishes the law of this state respecting the subjects to which it relates." N.D.C.C. § 1–02–01. And words "used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears." N.D.C.C. § 1–02–02.

[¶ 22] Neither the majority here nor the majorities in *Cummings* and its progeny have cited any constitutional infirmity with the provision: "No part of this code is retroactive unless it is expressly declared to be so." There is no legal basis for the courts to graft on an amendment, adding the words, "except for laws which confer benefits." The legislature has told us that if a new enactment is to be retroactive, the legislature *itself* will expressly declare it to be so. If this rule is to be changed, that too is the function of the legislature. This fundamental principle is as old as the con-

stitution and as enduring as our American democracy.

[¶ 23]   Dale V. Sandstrom