2016 ND 153

**Janis KLEIN, n/k/a Janis Banasik, Plaintiff, Appellee and Cross–Appellant**

v.

**Scott KLEIN, Defendant, Appellant and Cross–Appellee.**

**No. 20160043.**

Supreme Court of North Dakota.

July 20, 2016.

Chad C. Nodland, Bismarck, ND, for plaintiff, appellee and cross-appellant.

Daniel H. Oster, Bismarck, ND, for defendant, appellant and cross-appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Scott Klein appealed, and Janis Klein cross-appealed, a district court order denying Scott Klein's motion to terminate spousal support. We affirm.

I

[¶ 2] Scott Klein and Janis Klein, now known as Janis Banasik, married in 1983 and divorced in 2009. In the divorce judgment, the district court awarded Janis Klein permanent spousal support of $4,500 per month until such time as she died or remarried. On August 19, 2015, Scott Klein moved to terminate the support award under N.D.C.C. § 14–05–24.1(3), which became effective August 1, 2015. In an accompanying affidavit, Scott Klein alleged Janis Klein habitually cohabitated with another individual in a relationship analogous to marriage for at least one year, as required to terminate a permanent spousal support award under N.D.C.C. § 14–05–24.1(3). Janis Klein, among other arguments, argued N.D.C.C. § 14–05–24.1(3) does not apply to cohabitation prior to August 1, 2015.

[¶ 3] After a hearing on the motion, the district court agreed with Janis Klein. The court began by noting statutes generally do not apply retroactively unless expressly declared so by the legislature. Continuing, the court noted cohabitation, absent other circumstances, was insufficient to terminate an award of permanent spousal support prior to enactment of N.D.C.C. § 14–05–24.1(3). By bringing his motion on August 19, 2015, the court concluded Scott Klein sought to attach legal consequences to Janis Klein's cohabita-

tion when none existed at the time of that cohabitation. The court concluded N.D.C.C. § 14–05–24.1(3) does not apply in this manner, meaning the court could only consider Janis Klein's cohabitation after August 1, 2015. After assuming, without finding, Janis Klein habitually cohabitated in a relationship analogous to marriage, the court concluded Janis Klein had not cohabitated for at least a year, as measured from August 1, 2015. Because he did not satisfy the requirements under N.D.C.C. § 14–05–24.1(3), the district court denied Scott Klein's motion to terminate the spousal support.

## II

[¶ 4] The dispositive issue on appeal is limited to whether N.D.C.C. § 14–05–24.1(3) applies to cohabitation prior to August 1, 2015. Whether a statute applies retroactively is a question of law. *Smith v. Baumgartner*, 2003 ND 120, ¶ 9, 665 N.W.2d 12. Questions of law are fully reviewable on appeal. *State v. Boehm*, 2014 ND 154, ¶ 8, 849 N.W.2d 239.

[¶ 5] In response to alleged instances of spousal support recipients cohabitating in relationships analogous to marriage without being married for purposes of maintaining a permanent spousal support award terminable upon remarriage, the legislature enacted N.D.C.C. § 14–05–24.1(3). *See generally Hearing on H.B. 1399 Before the House Judiciary Comm.*, 64th N.D. Legis. Sess. (February 9, 2015). This section provides:

> Unless otherwise agreed to by the parties in writing, upon an order of the court based upon a preponderance of the evidence that the spouse receiving support has been habitually cohabitating with another individual in a relationship analogous to a marriage for one year or more, the court shall terminate spousal support.

Section 14–05–24.1(3), N.D.C.C., applies to permanent spousal support awards but does not apply to rehabilitative spousal support awards. N.D.C.C. § 14–05–24.1(4). Section 14–05–24.1(3), N.D.C.C., became effective August 1, 2015. 2015 N.D. Sess. Laws ch. 124, § 1. Prior to this date, cohabitation alone did not warrant termination of a permanent spousal support award conditioned to terminate upon remarriage of the spouse receiving support. *See Cermak v. Cermak*, 1997 ND 187, ¶ 9, 569 N.W.2d 280.

[¶ 6] Statutes are generally not retroactive unless the legislature expressly declares so. N.D.C.C. § 1–02–10. Nothing within N.D.C.C. § 14–05–24.1(3) explicitly states it is to apply retroactively, nor has Scott Klein provided any authority to that effect. Without this directive, N.D.C.C. § 14–05–24.1(3) only applies prospectively. The district court came to the same conclusion, which Scott Klein does not contest. Rather, Scott Klein argues his motion is consistent with this conclusion because, by applying the law in effect at the time of his motion, he only seeks prospective application of N.D.C.C. § 14–05–24.1(3).

[¶ 7] A statute applies retroactively if it attaches new legal consequences or responsibilities to past matters. *State v. Flatt*, 2007 ND 98, ¶ 9, 733 N.W.2d 608; *see also Lentz v. Spryncznatyk*, 2006 ND 27, ¶ 6, 708 N.W.2d 859 (stating a "retroactive statute extends in scope or effect to matters that have occurred in the past."). Retroactive statutes do so by operating "on transactions which have already occurred," "on rights or obligations which existed before its enactment," *Glaspie v. Little*, 1997 ND 108, ¶ 5, 564 N.W.2d 651, or on "a cause of action that arose prior to the effective date of the statute." *Lehman v. State*, 2014 ND 103, ¶ 11, 847 N.W.2d 119 (quoting *State v. Haverluk*, 432

N.W.2d 871, 873 (N.D.1988)). A prospective statute, on the other hand, attaches legal consequences or responsibilities to matters occurring after its effective date. *Id.* (stating a "statute is applied prospectively when it is applied to a cause of action that arose subsequent to the effective date of the statute."). Accordingly, a statute applies prospectively when the animating event under the statute occurs after the statute's effective date, even though such event may relate to antecedent matters. *Id.* (stating a "statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events.").

[¶ 8] By bringing his motion on August 19, 2015, Scott Klein relies on Janis Klein's continuing cohabitation prior to August 1, 2015 to satisfy the one year threshold necessary to terminate the permanent spousal support award. When this antecedent cohabitation occurred, however, cohabitation alone did not warrant terminating a spousal support award. *Cermak,* at ¶ 9. To prevail, Scott Klein would extend N.D.C.C. § 14–05–24.1(3) in scope and effect to cohabitation occurring before its effective date. This is retroactive application of N.D.C.C. § 14–05–24.1(3). *Lentz,* at ¶ 6.

[¶ 9] Scott Klein's argument muddles the distinction between prospective and retroactive statutory application, as reflected in his citations to our precedents in *Lentz v. Spryncznatyk,* 2006 ND 27, 708 N.W.2d 859, *Glaspie v. Little,* 1997 ND 108, 564 N.W.2d 651, and *State v. Haverluk,* 432 N.W.2d 871 (N.D.1988). In each of these cases, we held the implicated statute applied prospectively because the animating event under the applicable statute occurred subsequent to the statute's effective date despite the statute relating to matters predating that date. For example, in *Lentz,* Lentz was twice convicted of DUI. *Id.* at ¶ 2. Subsequent to the first conviction, but prior to the second conviction, the legislature statutorily imposed a new administrative penalty for multiple DUI offenses. *Id.* We held the statute was not "retroactive merely because Lentz's first DUI conviction ... occurred before the effective date of the subsection" because the subsequent second offense triggered the penalty, not the prior first offense. *Id.* at ¶ 13. We came to similar conclusions in *Haverluk* and *Glaspie. See Haverluk,* 432 N.W.2d at 872–74 (holding a statute increasing criminal penalties for multiple DUI offenses did not apply retroactively by relying on offenses occurring before the statute's effective date to increase the penalty of an offense occurring subsequent to that date); *Glaspie,* at ¶ 13 (holding a statute did not apply retroactively by imposing fees on probationers because their current probationary status, not their probation predating the statute, triggered the statute).

[¶ 10] Rather than supporting his argument, these cases illustrate why Scott Klein's argument fails. In *Lentz, Haverluk,* and *Glaspie,* the animating events occurred after the statutes' effective dates, whether that be the subsequent DUI offenses as in *Lentz* and *Haverluk* or the ongoing probation as in *Glaspie.* This case is factually dissimilar. Unlike those cases, Janis Klein's cohabitation necessary to satisfy N.D.C.C. § 14–05–24.1(3) occurred prior to N.D.C.C. § 14–05–24.1(3) becoming effective. By applying N.D.C.C. § 14–05–24.1(3) to this cohabitation, Scott Klein does not merely relate N.D.C.C. § 14–05–24.1(3) to antecedent events, as in *Lentz, Haverluk,* and *Glaspie.* He relies on those antecedent events by using N.D.C.C. § 14–05–24.1(3) to attach legal consequences to Janis Klein's cohabitation when none existed at the time the conduct occurred. This is retroactive application. *Lentz,* at ¶ 6.

[¶ 11] One of the most elementary principles in our society is everyone is presumed to know the law. *State v. Buchholz*, 2006 ND 227, ¶ 13, 723 N.W.2d 534. Under this principle, everyone must conduct themselves in accordance with the law or assume the consequences for their lack of according. This same expectation does not extend to laws the legislature may pass in the future because those laws are not capable of being known. Here, Janis Klein was expected to know the consequences of her cohabitation on the continuance of her spousal support at the time that cohabitation occurred. She, however, was not expected to foresee the consequences the legislature would later attach to that same antecedent cohabitation. Scott Klein's argument would levy consequences on Janis Klein's antecedent cohabitation that were incapable of being known at the time that cohabitation occurred. To do so would risk "unfairness by imposing new responsibilities for actions already taken." *State v. Cummings*, 386 N.W.2d 468, 471 (N.D.1986).

[¶ 12] Section 1–02–10, N.D.C.C., dictates we cannot apply N.D.C.C. § 14–05–24.1(3) retroactively without legislative direction. There is no legislative direction here. Thus, we must apply N.D.C.C. § 14–05–24.1(3) prospectively by considering Janis Klein's cohabitation after August 1, 2015. Assuming, without finding, Janis Klein habitually cohabitated in a relationship analogous to marriage, she had not done so for the requisite one year period under N.D.C.C. § 14–05–24.1(3), as measured to August 19, 2015. On the limited question of whether N.D.C.C. § 14–05–24.1(3) applies to cohabitation occurring prior to August 1, 2015, the district court correctly concluded it does not and the court correctly concluded Scott Klein did not satisfy the requirements under N.D.C.C. § 14–05–24.1(3). The district court properly denied Scott Klein's motion.

### III

[¶ 13] Although Janis Klein challenges the constitutionality of N.D.C.C. § 14–05–24.1(3), we do not address this issue because it is unnecessary to resolution of this appeal. We affirm the district court's order denying Scott Klein's motion to terminate spousal support.

[¶ 14] CAROL RONNING KAPSNER, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.

McEVERS, Justice, concurring specially.

[¶ 15] I have signed the majority opinion, writing separately to note that this Court has previously discussed evidentiary factors for the trial court to consider when determining whether cohabitating is the functional equivalent or is analogous to marriage. *See Baker v. Baker*, 1997 ND 135, ¶¶ 12–15, 566 N.W.2d 806 (discussing other courts that have employed evidentiary factors to determine whether to end spousal support). Assuming that Scott Klein will waste no time in again moving to terminate spousal support once a full year has passed after the statute has become effective, the district court should consider the non-exclusive factors discussed in *Baker*, as well as any other relevant factors. I also write to note my concerns about whether the legislature may enact statutes that have the effect of disturbing existing court judgments.

[¶ 16] LISA FAIR McEVERS