# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 56

Michael T. Bindas,

Plaintiff and Appellee

v.

Mari F. Bindas,

Defendant and Appellant

No. 20180232

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Robert J. Schultz (argued) and Ashley C. Halvorson (on brief), Fargo, N.D., for plaintiff and appellee.

DeAnn M. Pladson, Fargo, N.D., for defendant and appellant.

Matthew A. Sagsveen, Solicitor General, and Courtney R. Titus, Assistant Attorney General, Bismarck, N.D., for amicus curiae State of North Dakota.

**Tufte, Justice.**

[¶1]    Mari Bindas appeals from an order terminating Michael Bindas' spousal support obligation.  We conclude the district court erred in terminating Mari Bindas' spousal support under N.D.C.C. § 14-05-24.1(3).  We reverse and remand.

I

[¶2]    Michael and Mari Bindas were married in 1984.  In October 2009, Michael Bindas sued for divorce.  The parties filed a marital termination agreement, agreeing to spousal support and distribution of the marital estate.  The parties agreed Michael Bindas would pay spousal support to Mari Bindas in the amount of $3,200 per month until she was 62 years old.  The parties further agreed the spousal support would continue until the death of either party, Mari Bindas remarried, or the payment on February 1, 2023, had been made.  The district court approved and adopted the parties' termination agreement in its order.  In November 2009, a judgment was entered incorporating the parties' entire agreement.

[¶3]    In January 2018, Michael Bindas moved to modify his spousal support obligation, arguing the spousal support should be terminated under N.D.C.C. § 14-05-24.1(3) because Mari Bindas had been habitually cohabiting with her boyfriend for more than one year.  He alleged Mari Bindas and her boyfriend purchased a home together in October 2014 and lived together for two years before purchasing the home.  He also filed an affidavit and attached a copy of the warranty deed for Mari Bindas' home in support of his motion.

[¶4]    Mari Bindas opposed the motion and requested the court award her attorney's fees and costs under N.D.C.C. § 28-26-01(2).  She argued the motion should be denied because Michael Bindas did not provide evidence she is habitually cohabiting in a relationship analogous to marriage, N.D.C.C. § 14-05-24.1(3) does not apply because the parties specifically agreed about the circumstances under which the

spousal support obligation would terminate in their marital termination agreement, and the statute does not apply to rehabilitative awards of spousal support. Mari Bindas also filed an affidavit in support of her brief opposing the motion.

[¶5] After a hearing, the district court granted Michael Bindas' motion. The court stated N.D.C.C. § 14-05-24.1 provides spousal support shall be terminated when the receiving spouse has been habitually cohabiting with another individual in a relationship analogous to marriage for one year or more. The court found Mari Bindas has been cohabiting with her boyfriend since 2014, they have been dating since August 2012 and are in an exclusive relationship, they purchased a home together in 2014, and they share the bills related to the house. The court ordered Michael Bindas' spousal support obligation be terminated under N.D.C.C. § 14-05-24.1(3). The court also denied Mari Bindas' request for attorney's fees.

## II

[¶6] Mari Bindas argues the district court erred in terminating her spousal support under N.D.C.C. § 14-05-24.1(3). She contends there was not sufficient evidence the statutory requirements for termination had been met.

[¶7] Section 14-05-24.1, N.D.C.C., authorizes the district court to order and modify spousal support and also governs termination of support under certain circumstances, stating:

1. Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for a limited period of time in accordance with this section. The court may modify its spousal support orders.
2. Unless otherwise agreed to by the parties in writing, spousal support is terminated upon the remarriage of the spouse receiving support. Immediately upon remarriage, the spouse receiving support shall provide notice of the remarriage to the payor spouse at the last known address of the payor spouse.
3. Unless otherwise agreed to by the parties in writing, upon an order of the court based upon a preponderance of the evidence that the spouse receiving support has been habitually cohabiting with another individual in a relationship analogous to a marriage for one year or more, the court shall terminate spousal support.
4. Subsections 2 and 3 do not apply to rehabilitative spousal support.

2

Section 14-05-24.1, N.D.C.C., was amended in 2015 to add subsections 2, 3, and 4. 2015 N.D. Sess. Laws ch. 124, § 1. The current version of the statute became effective on August 1, 2015. *Id.* This Court previously held N.D.C.C. § 14-05-24.1(3) applies to divorce judgments entered prior to the effective date of the recent amendments and it applies prospectively to cohabitation occurring after August 1, 2015. *Klein v. Klein*, 2016 ND 153, ¶ 12, 882 N.W.2d 296.

[¶8] The district court found Mari Bindas has been cohabiting with her boyfriend since 2014, they began dating in August 2012, they are in an exclusive relationship, they purchased a home together in 2014, and they share various bills related to the house. The court found Mari Bindas has been habitually cohabiting with another individual in a relationship analogous to marriage for one year or more. The court found the spousal support is not rehabilitative spousal support and therefore the exception in N.D.C.C. § 14-05-24.1(4) did not apply and the support obligation should be terminated under N.D.C.C. § 14-05-24.1(3). Although Mari Bindas argued the statute did not apply because the parties agreed to the conditions under which the spousal support would terminate and cohabitation was not included as a condition of termination, the district court did not address that argument.

[¶9] On appeal, Mari Bindas argues N.D.C.C. § 14-05-24.1(3) states the court shall terminate spousal support upon cohabitation for more than one year "unless otherwise agreed to by the parties in writing." She contends the legislature included the language "unless otherwise agreed to by the parties" to exclude those situations where the parties reached a private agreement. She claims the statute does not apply in this case because she entered into a marital termination agreement with Michael Bindas, which was incorporated into the judgment, agreeing she should receive spousal support and the agreement specified conditions under which spousal support would terminate.

[¶10] Our standard for construing statutes is well established:

> Statutory interpretation is a question of law, which is fully reviewable on appeal. *Nelson v. Johnson*, 2010 ND 23, ¶ 12, 778 N.W.2d 773. The primary purpose of statutory interpretation is to

determine the intention of the legislation. *In re Estate of Elken*, 2007 ND 107, ¶ 7, 735 N.W.2d 842. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1-02-39.

*Ferguson v. Wallace-Ferguson*, 2018 ND 122, ¶ 7, 911 N.W.2d 324 (quoting *Zajac v. Traill Cty. Water Res. Dist.*, 2016 ND 134, ¶ 6, 881 N.W.2d 666).

[¶11] Section 14-05-24.1(3), N.D.C.C., is not ambiguous. The plain language of the statute authorizes the court to terminate spousal support based solely on the receiving spouse's cohabitation unless otherwise agreed to by the parties in writing. "Otherwise" is defined as "[t]o the contrary; differently." *Black's Law Dictionary* 1276 (10th ed. 2014). If the parties have a contrary agreement in writing, the statute does not apply to terminate spousal support. The language "unless otherwise agreed to by the parties in writing" limits the application of the statute.

[¶12] We have generally held, "When a settlement agreement is merged into a judgment, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties." *Silbernagel v. Silbernagel*, 2011 ND 140, ¶ 11, 800 N.W.2d 320. However, N.D.C.C. § 14-05-24.1(3) explicitly requires the court to consider the parties' agreement, in addition to the divorce judgment, if the parties have a written agreement about spousal support.

[¶13] In this case, Mari and Michael Bindas filed a marital termination agreement after Michael Bindas sued for divorce. The district court adopted the parties' agreement, and the entire agreement was incorporated into the judgment. The agreement addressed spousal support, and the relevant portion states:

> Commencing the first day of the month after the sale of the homestead, and continuing on or before the first day of each month thereafter until Mari is 62 years of age, Mike shall pay to Mari the sum of Three Thousand Two Hundred Dollars ($3,200) per month. Mike's spousal support payments shall continue until the death of either party, Mari's

4

remarriage, or until the payment due on February 1, 2023 has been made, whichever occurs sooner.

The agreement did not explicitly address whether the spousal support obligation would terminate upon Mari Bindas' cohabitation with another individual.

[¶14] This Court has long held, "the law of the land in existence at the time a contract is entered into forms a part of that contract the same as if it were expressly incorporated therein, and the obligations of the contract are determined by the law in force at the time it is made." *Lillethun v. Tri-County Elec. Co-op., Inc.*, 152 N.W.2d 147, 150 (N.D. 1967); *see also First Interstate Bank of Fargo, N.A. v. Larson*, 475 N.W.2d 538, 545 (N.D. 1991); *Schue v. Jacoby*, 162 N.W.2d 377, 382 (N.D. 1968); *Blakemore v. Cooper*, 15 N.D. 5, 14, 106 N.W. 566, 569 (1905) (citing *United States v. Quincy*, 71 U.S. 535 (1866)); *see also* 11 *Williston on Contracts* §§ 30:19, 30:23 (4th ed. 2018). When the parties reached their agreement in 2009, this Court had previously held "cohabitation cannot be the sole basis for termination of spousal support at least where cohabitation is not included as a condition for termination in the divorce decree." *Cermak v. Cermak*, 1997 ND 187, ¶ 14, 569 N.W.2d 280.

[¶15] In their written agreement, Mari and Michael Bindas did not include cohabitation as a condition that would terminate the spousal support. Our law at that time was as stated in *Cermak*. The termination agreement did not explicitly contradict the background law that cohabitation alone may not be a basis to terminate spousal support. As a result, the effect of the agreement is that cohabitation is not by itself sufficient to terminate spousal support.

[¶16] Because the parties' written agreement satisfies the "[u]nless otherwise agreed to by the parties in writing" exception to N.D.C.C. § 14-05-24.1(3), the statute does not require termination of Mari Bindas' spousal support upon a finding of cohabitation. We conclude the district court erred in granting Michael Bindas' motion to modify spousal support and misapplied the law by concluding it was required to terminate the spousal support under N.D.C.C. § 14-05-24.1(3).

III

5

[¶17] Mari Bindas argues the district court erred by denying her motion for attorney's fees. She contends the court had discretion under N.D.C.C. § 14-05-23 to award attorney's fees in a divorce proceeding and the court did not apply the correct legal standard before denying her request.

[¶18] Mari Bindas requested attorney's fees under N.D.C.C. § 28-26-01(2) in her response to Michael Bindas' motion. Section 28-26-01, N.D.C.C., allows the court to award attorney's fees for frivolous claims. We will not reverse a court's decision on attorney's fees on appeal unless the court abused its discretion. *Cermak*, 1997 ND 187, ¶ 20, 569 N.W.2d 280. Mari Bindas did not request attorney's fees under N.D.C.C. § 14-05-23 before the district court. Michael Bindas' motion was not frivolous, and the court did not abuse its discretion denying the request for fees under N.D.C.C. § 28-26-01(2). The court may revisit whether attorney's fees are appropriate on remand.

IV

[¶19] We have considered the parties' remaining arguments and issues and consider them to be either without merit or unnecessary to our decision. We reverse the district court's order and remand for further proceedings.

[¶20] Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
William A. Herauf, D.J.
Gerald W. VandeWalle, C.J.

[¶21] The Honorable William A. Herauf, D.J., sitting in place of McEvers, J., disqualified.

**Crothers, Justice, specially concurring.**

[¶22] I agree with and have signed the majority opinion. I write separately to explain a result that looks opposite of that directed under the statute.

6

[¶23] Section 14-05-24.1(3), N.D.C.C., authorizes a court to terminate permanent spousal support upon finding "the spouse receiving support has been habitually cohabiting with another individual in a relationship analogous to a marriage for one year or more." Spousal support is terminable upon cohabitation "[u]nless otherwise agreed to by the parties in writing." *Id.* In other words, after the effective date of this statute a court must terminate spousal support upon finding cohabitation by the receiving party unless the parties agree in writing that support continues notwithstanding cohabitation.

[¶24] Unlike the result directed by the statute, we conclude here that spousal support does not terminate because the written agreement and resulting judgment did not say it terminates upon cohabitation. We reach that holding because the parties' written agreement did not say support terminates upon cohabitation. *Majority opinion*, at ¶ 16.

[¶25] Section 14-05-24.1(3), N.D.C.C., became effective on August 1, 2015. The statute does not apply to conduct occurring prior to its effective date. *Klein v. Klein*, 2016 ND 153, ¶ 12, 882 N.W.2d 296. Any disqualifying conduct of the party receiving support must occur after August 1, 2015. *Id.* However, we must apply the "otherwise agreed to by the parties in writing" part of the law to the couple's agreement no matter when it was made. These unique facts present a situation where the language from the 2009 divorce must be used to determine compliance with the 2015 law, even though the 2015 law was not retroactive.

[¶26] The divorce in this case was finalized in 2009. In 2009 North Dakota law said cohabitation did not terminate spousal support. *Majority opinion*, at ¶ 14. Therefore, the 2009 agreement and resulting judgment which were silent on spousal support did not alter "the law of the land" that spousal support continued even if the receiving party was cohabitating. *Id.* Section 14-05-24.1(3), N.D.C.C., changed the "law of the land" in 2015 when spousal support could be terminated for cohabitation.

[¶27] Section 14-05-24.1(3), N.D.C.C., did not retroactively change the legal impact of the parties' 2009 written agreement made under then-existing law. Therefore, the

7

agreement's silence regarding continuation or termination of spousal support must be honored going forward, and the 2015 statutory provision for terminating spousal support does not apply. Conversely, and while not an issue before the court now, I anticipate N.D.C.C. § 14-05-24.1(3) would apply according to its plain terms to a marital termination agreement identical to that used by the Bindas if the agreement was executed on or after August 1, 2015. Otherwise said, in this case it is not the agreement, but when it was executed and became part of the judgment, that controls the seemingly perverse result under the statute. Therefore, if a spousal support provision like that used in the Bindas' divorce was executed after N.D.C.C. § 14-05-24.1(3) became effective, the absence of language stating spousal support continues even if the receiving party cohabitates would require, rather than preclude, termination of spousal support.

[¶28]  Daniel J. Crothers
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.

8