Crothers, Justice, specially concurring.
[¶22] I agree with and have signed the majority opinion. I write separately to explain a result that looks opposite of that directed under the statute.
[¶23] Section 14-05-24.1(3), N.D.C.C., authorizes a court to terminate permanent spousal support upon finding "the spouse receiving support has been habitually cohabiting with another individual in a relationship analogous to a marriage for one year or more." Spousal support is terminable upon cohabitation "[u]nless otherwise agreed to by the parties in writing." Id. In other words, after the effective date of this statute a court must terminate spousal support upon finding cohabitation by the receiving party unless the parties agree in writing that support continues notwithstanding cohabitation.
[¶24] Unlike the result directed by the statute, we conclude here that spousal support does not terminate because the written agreement and resulting judgment did not say it terminates upon cohabitation. We reach that holding because the parties'
*808 written agreement did not say support terminates upon cohabitation. Majority opinion , at ¶ 16.
[¶25] Section 14-05-24.1(3), N.D.C.C., became effective on August 1, 2015. The statute does not apply to conduct occurring prior to its effective date. Klein v. Klein , 2016 ND 153, ¶ 12, 882 N.W.2d 296. Any disqualifying conduct of the party receiving support must occur after August 1, 2015. Id. However, we must apply the "otherwise agreed to by the parties in writing" part of the law to the couple's agreement no matter when it was made. These unique facts present a situation where the language from the 2009 divorce must be used to determine compliance with the 2015 law, even though the 2015 law was not retroactive.
[¶26] The divorce in this case was finalized in 2009. In 2009 North Dakota law said cohabitation did not terminate spousal support. Majority opinion , at ¶ 14. Therefore, the 2009 agreement and resulting judgment which were silent on spousal support did not alter "the law of the land" that spousal support continued even if the receiving party was cohabitating. Id . Section 14-05-24.1(3), N.D.C.C., changed the "law of the land" in 2015 when spousal support could be terminated for cohabitation.
[¶27] Section 14-05-24.1(3), N.D.C.C., did not retroactively change the legal impact of the parties' 2009 written agreement made under then-existing law. Therefore, the agreement's silence regarding continuation or termination of spousal support must be honored going forward, and the 2015 statutory provision for terminating spousal support does not apply. Conversely, and while not an issue before the court now, I anticipate N.D.C.C. § 14-05-24.1(3) would apply according to its plain terms to a marital termination agreement identical to that used by the Bindas if the agreement was executed on or after August 1, 2015. Otherwise said, in this case it is not the agreement, but when it was executed and became part of the judgment, that controls the seemingly perverse result under the statute. Therefore, if a spousal support provision like that used in the Bindas' divorce was executed after N.D.C.C. § 14-05-24.1(3) became effective, the absence of language stating spousal support continues even if the receiving party cohabitates would require, rather than preclude, termination of spousal support.
[¶28] Daniel J. Crothers
Jon J. Jensen
Gerald W. VandeWalle, C.J.