# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 29

L&C Expedition, LLC, and

Williams Building Company, Inc.,                    Plaintiffs and Appellants

      v.

Swenson, Hagen and Company, P.C.;

Unlimited Excavating, LLC; and

Hartze Construction, Inc.,                                               Defendants

     and

International Fidelity Insurance Company,        Defendant and Appellee

### No. 20220169

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Bradley N. Wiederholt, Bismarck, ND, for plaintiffs and appellants.

Robert J. Pathroff, Bismarck, ND, for defendant and appellee.

**Jensen, Chief Justice.**

[¶1] L&C Expedition, LLC ("L&C") appeals from a judgment entered following the district court granting summary judgment in favor of International Fidelity Insurance Company ("IFIC") and denying summary judgment to L&C. L&C argues the district court erred in finding a contractual limitation on the period to assert a claim was enforceable, erred in failing to apply N.D.C.C. § 9-08-05 to preclude modification of the applicable statute of limitations, and erred in interpreting N.D.C.C. § 22-03-03 as providing an exception to the prohibition against modifying the applicable statute of limitations. We affirm.

I

[¶2] L&C contracted with Unlimited Excavating ("Unlimited") to perform work on a residential development project. The parties' contract required Unlimited to obtain a performance bond. Unlimited obtained a performance bond through IFIC.

[¶3] Unlimited completed its work in November 2016 and received final payment in July 2017. In 2019, L&C learned of major problems in the construction and notified Unlimited it needed to make repairs. Unlimited did not make the repairs and L&C demanded IFIC arrange for performance of Unlimited's work per the terms of the performance bond. IFIC refused to arrange for performance. L&C subsequently initiated suit against IFIC in May 2020 arguing L&C is entitled to recover $393,000 under the terms of the performance bond.

[¶4] The performance bond provided the following: "[a]ny suit under this bond must be[] [i]nstituted before the expiration of two years from the date on which final payment under the subcontract falls due." The parties do not dispute the district court's finding L&C initiated its action outside the limitation period provided within the terms of the bond.

[¶5]   L&C and IFIC both moved for summary judgment. The district court granted summary judgment in favor of IFIC, finding L&C's claims against IFIC are time-barred by the two-year limitation for asserting a claim as provided within the terms of the performance bond.

## II

[¶6]   L&C argues the two-year time limitation provided in the performance bond is invalid. L&C asserts N.D.C.C. § 9-08-05 precludes parties from contracting for a period of limitation to bring a claim different than the applicable statute of limitations, and N.D.C.C. § 22-03-03 does not provide an exception to N.D.C.C. § 9-08-05.

[¶7]   We have outlined the standard of statutory interpretation as follows:

> Statutory interpretation is a question of law, which is fully reviewable on appeal. *Nelson v. Johnson*, 2010 ND 23, ¶ 12, 778 N.W.2d 773. The primary purpose of statutory interpretation is to determine the intention of the legislation. *In re Estate of Elken*, 2007 ND 107, ¶ 7, 735 N.W.2d 842. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1-02-39.

*Bindas v. Bindas*, 2019 ND 56, ¶ 10, 923 N.W.2d 803 (quoting *Ferguson v. Wallace-Ferguson*, 2018 ND 122, ¶ 7, 911 N.W.2d 324).

[¶8]   L&C argues N.D.C.C. § 9-08-05 voids any contractual provision which limits the time within which a party can enforce their right and N.D.C.C. § 22-03-03 does not provide for an exception. We disagree.

[¶9]   Section 9-08-05, N.D.C.C., provides:

> Every stipulation or condition in a contract by which any party thereto is restricted from enforcing that party's rights under the

contract by the usual legal proceedings in the ordinary tribunals or which limits the time within which that party thus may enforce that party's rights is void, except as otherwise specifically permitted by the laws of this state.

Section 9-08-05, N.D.C.C., does void all provisions in a contract which limit the time within which a party can enforce their rights, but specifically allows for parties to limit the time for asserting a claim if another North Dakota law permits the limitation.

[¶10] Section 22-03-03, N.D.C.C., provides: "[a] surety cannot be held beyond the express terms of the surety's contract and if such contract prescribes a penalty for its breach, the surety cannot be liable in any case for more than the penalty." The language of the statute is clear and unambiguous. The language of the statute provides a surety cannot be held beyond the terms in the contract nor held beyond the amount of liability provided for in the contract. A contract provision which limits the amount of time a party is allowed to bring suit is an express provision of the contract. Therefore, N.D.C.C. § 22-03-03 provides that if the parties contractually agree to a limitation on the time to bring a claim, the surety cannot be held beyond that limitation. N.D.C.C. § 22-03-03 serves as an exception under N.D.C.C. § 9-08-05.

[¶11] L&C further argues *Storing v. National Surety Co.*, 56 ND 14, 215 N.W. 875 (1927) is controlling. In *Storing*, this Court invalidated a 15-month lawsuit deadline contained in a surety bond under Section 5927, Compiled Laws 1913. Section 5927 and N.D.C.C. § 9-08-05 are very similar but have one important difference. Section 5927, Compiled Laws 1913, read as follows:

Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals or which limits the time within which he may thus enforce his rights is void.

N.D.C.C. § 9-08-05 provides:

Every stipulation or condition in a contract by which any party thereto is restricted from enforcing that party's rights under the contract by the usual legal proceedings in the ordinary tribunals

3

or which limits the time within which that party thus may enforce that party's rights is void, except as otherwise specifically permitted by the laws of this state.

[¶12] The primary difference between the two statutes is the addition of the phrase "except as otherwise specifically permitted by the laws of this state[]" in N.D.C.C. § 9-08-05. As discussed above, N.D.C.C. § 22-03-03 serves as an exception to Section 9-08-05. The statute analyzed in *Storing* did not provide for any exceptions. *Storing* is not controlling.

[¶13] Section 22-03-03, N.D.C.C., provides a surety cannot be held beyond the express terms of the surety contract. Therefore, the contractual statute of limitations in the performance bond governs. The performance bond provides, "[a]ny suit under this bond must be[] [i]nstituted before the expiration of two years from the date on which final payment under the subcontract falls due." The express terms of the contract provide that any suit must be brought within two years from final payment under the subcontract. Unlimited completed its work in November 2016 and received its last payment in July 2017. L&C initiated the proceedings in May 2020. L&C failed to initiate proceedings within two years after final payment was received by Unlimited and their claims against IFIC are barred.

III

[¶14] The two year limitation for asserting a claim provided for in the performance bond is enforceable, L&C failed to bring suit within two years, and L&C is barred from asserting its claims against IFIC. We affirm.

[¶15] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte
    Daniel D. Narum, D.J.

[¶16] Gerald W. VandeWalle, who was a member of the Court when this matter was submitted, was disqualified and did not participate in this decision. The Honorable Daniel D. Narum, D.J., sitting.

4

[¶17] Justice Douglas A. Bahr was not a member of the Court when this matter was submitted and did not participate in the decision.